## TURLINGTON W. HARVEY

v.

## M. V. B. VAN DEMARK et al.

71   117
155   669

1   WARRANTY—*when contract is rescinded.* Where a contract for the sale of lumber is rescinded by mutual consent, and the vendor takes the lumber back, agreeing to pay for unloading and sorting, no recovery can be had upon a special count for a breach of warranty, in a suit by the purchaser.

2. COMMON COUNTS—*what may be recovered under.* A plaintiff can not recover for the use of his dock, under the ordinary common counts. There should be a separate count for dockage.

3. BILL OF EXCEPTIONS—*should not contain questions and answers in full in all cases.* Evidence to go into a bill of exceptions should be condensed, under the supervision of the judge trying the cause, and the substance and pith alone presented to this court. It is objectionable to give every question and answer as taken down by a short-hand reporter.

4. SUPERIOR COURT OF COOK COUNTY—*should be held by one judge only.* The record of a cause from the Superior Court of Cook county should show that the court, or branch of the court, was held by one judge only, and he should sign the bill of exceptions.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, JOSEPH E. GARY, and JOHN A. JAMESON, Judges, presiding.

The opinion of the court contains a statement of the material facts of the case, except that the bill of exceptions was signed by the Hon. William A. Porter.

Messrs. WALKER, DEXTER & SMITH, for the appellant.

Mr. GEORGE W. PARKES, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Superior Court of Cook county, brought by Van DeMark and Chandler against Harvey, which resulted in a verdict and judgment for the plaintiff, for six hundred and twenty-eight dollars in damages.

To reverse this judgment the defendant appeals.

It appears the plaintiffs were dealers in lumber, on a small scale, in Chicago, and the defendant, also, on a scale more extensive, and from whom plaintiffs had purchased a cargo of lumber, brought by a vessel called the "Holmes," which proved to be very good. They claim, the cargo, which is the subject of this controversy, was warranted to them to be equal if not superior to that of the "Holmes," and for which they agreed to pay seventeen dollars per thousand feet. There were about 190,000 feet in the vessel, and she was taken to plaintiffs' dock, on the North Branch, some three or four miles from defendant's dock, and there unloaded by the hands belonging to the vessel. While this process was going on, Van DeMark, one of the plaintiffs, was dissatisfied with the lumber, he deeming it not equal to the representations made of its quality, and so informed the agent of defendant, who had sold it, and who carried on the negotiations for the sale. Plaintiffs had then sorted about fifteen thousand feet, and requested the defendant to take it away, as they did not want it. The agent then requested plaintiffs to go on unloading, and sort it, and if it did not suit he would pay charges and take it away, saying he did not want more than the lumber was worth. Plaintiffs then continued unloading and sorting, employing twelve men six and a half days, in which time they had sorted about 120,000 feet. Van DeMark, then, finding the cargo did not improve in quality, went to see the agent, and told him it did not improve, and then inquired of him what he was going to ask per thousand. Van DeMark offered ten dollars, and the agent demanded fourteen dollars, which Van DeMark refused to give. He then gave the agent a bill of their charges : seventy-eight days, at one dollar and ninety cents per day, and eight days dockage, at thirty dollars per day. Van DeMark then says, they decided to take it away, and gave him a check for one thousand dollars, which he had let them have when buying the cargo, but says he paid nothing on the purchase price of the cargo. Defendant has never

paid them anything for sorting or dockage. Defendant's wagons came and hauled the lumber away.

This statement is, in substance, the sum total of the leading facts in the case.

The demand of the plaintiffs is, as appears by the bill of particulars—

For 78 days' work, at $1.90 per day.......... ... $148.20
For 23 days' dockage, at $30 per day.... ......... 690.00
For damages not furnishing lumber as agreed .... 2,000.00

The declaration counted on a warranty of the lumber, and the common counts were the ordinary money counts, a count for work and labor and materials, and an account stated, but no count for the use of dock.

As to the special count, we think the proof tends to show the contract was rescinded, defendant returning the money plaintiffs had advanced on the purchase. There is some conflict in the testimony on this point, but we think that fact is established. If this be so, then the only claim the plaintiffs could have against the defendant, was for the work and labor and expenses attending the sorting the lumber, which, by their own statement of account, amounted to one hundred and forty-eight dollars.

Van DeMark testified, when his decision not to take the lumber was made known to the agent, he presented his bill, which was for seventy-eight days, at one dollar and ninety cents per day, and dockage eight days, at thirty dollars per day, to which the agent made no objection. These two sums, if they are entitled to recover for dockage, make three hundred and eighty-eight dollars. The jury have allowed them six hundred and twenty-eight dollars—on what theory we are at a loss to perceive. The special contract being rescinded, and no count in the declaration for dockage, plaintiffs were limited to the value of the work and labor done in sorting this lumber. If they allowed for dockage, the proof shows, most clearly, that the usual charge for dockage, sorting and

loading the lumber on cars, is only one dollar per thousand. This lumber was not loaded on cars, and, deducting for that, we gather from the testimony that fifty cents for sorting is the usual rate per thousand; but if one dollar is the proper charge, plaintiffs could only claim one hundred and twenty dollars. We do not see on what basis the jury placed their finding, as it appears to us the damages are too large, and there should be a new trial.

We must express, here, our disapprobation of the manner in which bills of exceptions are made up, brought here from the courts in the Cook circuit. They contain all the questions, some of them mere repetitions, and the disjointed, rambling answers of the witnesses, precisely as the short-hand reporter takes them down. This cumbers the record, obscures the case, and adds very greatly to the costs. Evidence, to go into a bill of exceptions, should be condensed, under the supervision of the judge trying the cause, and the substance and pith alone presented to this court. We have no time to expend in reading questions and answers.

We observe, also, this cause was tried before three judges, when the statute provides, except in certain cases, the Superior Court shall be held by a single judge. This record shows that three judges of that court were present as judges on the trial of this cause, and the bill of exceptions signed by one only.

Believing the damages are too large, we must reverse the judgment and remand the cause that there may be a new trial.

*Judgment reversed.*