A. GREEN COURSON

*v.*

GEO. BROWNING *et al.*

1. PRACTICE—*time to object to cost bond.* An objection to a bond for costs, to be availing, should be taken at the earliest opportunity. The defendant can not raise such an objection for the first time after plea filed, or proceeding to trial, or default entered, or on error.

2. Pleading—*declaration on appeal bond.* In a suit upon an appeal bond, which is in due form, and which recites a judgment in an inferior court and an appeal to the Supreme Court, and the declaration avers that the judgment was affirmed in the Supreme Court, it is sufficient, wtihout any averment, that the bond was filed and approved, in pursuance of an order of the court, as the presumption is that it was so filed and approved.

3. Superior Court—*no more than one judge should sit at a time.* It is error for the judges of the Superior Court of Cook county, or circuit judges assisting them, to sit as a body or in bank; but each step taken in a cause should be by a single judge, and it should so appear from the record.

4. The various steps in a cause may be before different judges. One may settle a portion or all of the pleadings, another hear and determine a motion or motions, and another try the case, decide the motion for a new trial, and settle and sign the bill of exceptions; but the record should show what is done by each judge in the case, and that he acted alone in what was done.

5. Where the record shows that four judges were present trying a cause, one of them presiding over a full bench, it is such error as will compel a reversal of the judgment.

Writ of Error to the Superior Court of Cook county.

Mr. A. Garrison, for the plaintiff in error.

Messrs. Hutchinson & Luff, for the defendants in error.

Mr. Justice Walker delivered the opinion of the Court:

It is urged that the names of all of the plaintiffs and defendants do not appear in the caption of the bond for costs, filed in the court below. There is nothing to show that the plaintiffs were non-residents, or the reason why the bond was filed ; but even if there was, and even conceding the bond was subject to the objection, to be availing it should be taken at the first and earliest opportunity. The defendant can not be permitted to plead, or proceed to trial, or to suffer a default, and then raise such an objection for the first time. In this case appellant was served more than ten days before the default was entered. He thereby not only waived this objection, but all defense, and admitted the indebtedness. Nor

was any objection made to this bond in the court below ; and even if the bond was not sufficient, the objection comes too late, when raised for the first time in this court. There is no force in this objection.

It is next urged, that the appeal bond sued on is void, as it was not approved by the presiding judge, or that there was an order of court in which the appeal was taken, authorizing the clerk to approve the same ; that the declaration should have averred that such an order was made, and the bond approved in pursuance of the same ; that for the want of such an averment, the declaration was so defective that it will not sustain the judgment by default.

We think there is no force in this objection. The bond is in due form, and the presumption is that it was approved in pursuance of a proper order. The bond recites the recovery against Young of the judgment appealed from, and the declaration avers that the judgment was affirmed in the Supreme Court, giving the time and the recovery of a judgment for costs by the appellees in the case, and averring that Young had not paid these judgments mentioned in the appeal bond, and the interest thereon, or the costs so recovered, or any part thereof. These averments were admitted by the default to be true.

Taking these averments to be true, Young used this appeal bond to procure a trial in the Supreme Court, and his security, appellant in this case, enabled him to do so, by joining in its execution ; and, having obtained all the benefits of the bond, they should be estopped from denying that it is not a binding obligation, unless it contravenes some statute or some rule of public policy, neither of which was done by the execution of this bond. It was not prohibited by law, but even if it was not a good statutory bond, it would be good at common law. See *Coons* v. *The People,* 76 Ill. 383. No reason is perceived for holding this bond illegal or void, but it must be held amply sufficient to bind the makers.

It is next urged, that there appears, by the *placita*, to have been four judges sitting on the trial of this case in rendering the default and assessing the damages.

In the order of the court entering the default, it is recited "the Hon. Joseph E. Gary, presiding." The same order recites, that the court heard evidence, assessed the damages, rendered final judgment, and awarded execution. The only question is, whether the order should not have recited and shown that the judge presided alone, and as the sole judge in the case. In the case of *Hall* v. *Hamilton*, Sept. T. 1874, it was held to be error in the trial of causes by the judges of the Superior Court, or circuit judges assisting them, to sit as a body or in bank, but that each step taken in a cause should be by a single judge, and that it should so appear from the record ; that the various steps in a cause might be before a different judge; that one might settle a portion or all of the pleadings, another hear and determine a motion or motions in the case, and another try the cause, decide the motion for a new trial, and settle and sign the bill of exceptions, etc. ; but the record should show what was done by each judge in the case, and that he acted alone in what was done.

In that case it was held not to be sufficient to state that one of the judges presided, as it did not appear but that he presided over the other three, and that all four were engaged in hearing and conducting the trial. Now, here, it appears, from the *placita*, that Joseph E. Gary, Chief Justice, and the other two Superior Court judges, and the circuit judge from the seventh judicial circuit, were all present, and the judgment order shows that Judge Gary presided. We have endeavored to find the means to avoid a reversal on this ground, but we can see no escape from the conclusion that all four judges were present trying the case, and that one of them was then presiding over the full bench, with a circuit judge superadded. This is the clear and unmistakable meaning of the record. Had the clerk run his pen through the names of the two judges who did not preside, and omitted the

name of the circuit judge from his blank *placita*, then the record would have shown what the law requires to be done by a judge trying a case, and what would have been proper had Judge Gary presided alone in trying the case. But whatever the facts, this record states that four judges were present at the trial, and that one of them presided.

If the record in this case had stated, as it did in *Jones* v. *Albee*, 70 Ill. 34, that Judge Gary was alone presiding, then the objection would have been obviated, or that he alone tried the case, which would have been all that was required.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*