THE PEOPLE *ex rel.* C. S. Deneen, State's Attorney, *et al.*

*v.*

EDWARD O'BRIEN.

*Opinion filed April 16, 1902.*

1. ATTORNEYS AT LAW—*contempt proceedings and disbarment proceedings are distinct.* Contempt proceedings and disbarment proceedings are distinct and should not be combined.

2. SAME—*suspension of attorney for contempt is not conclusive in subsequent proceeding for disbarment.* A judgment of the circuit court finding an attorney guilty of contempt of court and suspending him from practice for six months is not conclusive upon the attorney in a subsequent proceeding in the Supreme Court for his disbarment for the same reasons for which he was adjudged in contempt.

ORIGINAL information for disbarment.

HORACE KENT TENNEY, for relators.

COLLINS & FLETCHER, for respondent.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an information filed in this court on the 15th day of October, 1901, by Charles S. Deneen, State's attorney for Cook county, in behalf of the People, upon the relation of Charles F. Loesch, Nicholas W. Hacker, Charles T. Farson, James G. Elsdon and Joseph W. Moses, the grievance committee of the Chicago Bar Association, against Edward O'Brien, an attorney and counselor at law, licensed as such under the rules of this court

and the statutes of this State, and who is engaged in practicing law in the courts of Cook county, charging that said O'Brien, while so engaged in the practice of his profession, was guilty of certain unlawful, fraudulent and unprofessional practices unworthy of a member of the bar and tending to hinder the due administration of justice in the courts of this State, which unlawful, fraudulent and unprofessional practices were committed by him in connection with and in the course of his defense as an attorney at law of a suit pending in the circuit court of Cook county wherein the International Banking and Trust Company was plaintiff and the Chicago Loan and Trust Company defendant, by inducing Hon. Richard S. Tuthill, one of the judges of said court, by means of a certain false affidavit, to approve as valid a certain fictitious and worthless appeal bond in said case, for the purpose of perfecting an appeal therein to the Appellate Court for the First District, and praying that the license of the said O'Brien be revoked and his name stricken from the roll of this court, and that he be prohibited from keeping and exercising the office of attorney and counselor at law in the State of Illinois. It was further charged in said information that on January 26, 1901, said Edward O'Brien was attached for contempt of court by Hon. Richard S. Tuthill for presenting to him said appeal bond and securing its approval by reason of a false affidavit, and that on April 5, 1901, said O'Brien was adjudged to be in contempt of court, and it was ordered that he be suspended from practicing in the circuit court of Cook county for a period of six months from that date, and that no appeal or writ of error had been sued out to reverse said order, but that the same remained in full force and effect and was conclusive upon the respondent herein.

A rule to show cause having been entered against said Edward O'Brien, on December 20, 1901, he filed in this court his sworn answer denying the charges against him

contained in the information, and averring that he was
unjustly convicted in the contempt proceedings in the
circuit court, and that he was guilty of no intentional
wrong in preparing and presenting said affidavit and ap-
peal bond, and that the order of suspension in the con-
tempt proceeding in the circuit court was void for want
of jurisdiction and not binding upon him in this proceed-
ing; whereupon the relator moved the court that the rule
heretofore entered against the respondent be made abso-
lute, notwithstanding his answer, and that his name be
stricken from the roll of this court, and that he be pro-
hibited from keeping and exercising the office of attorney
and counselor at law in the State of Illinois.

The case was argued orally and submitted to the
court for final disposition, and the motion of the relator
will be treated as a demurrer to the respondent's answer.
The question therefore presented for decision is, whether
or not the adjudication of the circuit court in the con-
tempt proceeding which resulted in the suspension of
the respondent is conclusive upon the respondent in this
court in this proceeding. We are of the opinion it is
not. The proceeding was commenced in the circuit court
as a contempt proceeding and ended in the suspension of
the respondent from practicing in that court for a period
of six months. A contempt proceeding and a disbarment
proceeding are distinct proceedings and should not be
combined. If an attorney is brought into court to show
cause why he should not be attached for contempt, after
he has answered that charge without any further oppor-
tunity for defense he should not be punished for another
and different offense. In *Ex parte Bradley,* 7 Wall. 364,
Bradley was served with a rule of the Supreme Court of
the District of Columbia to show cause why he should
not be punished for contempt of court by reason of of-
fensive conduct toward one of the members of that court.
To this rule he made return, defending his action and
denying all the allegations contained in the rule, claim-

ing that he was not guilty of contempt. Thereafter the court ordered that his name be stricken from the roll of attorneys of that court. On petition to the Supreme Court of the United States for a writ of *mandamus* to compel said court to restore the name of Bradley to the roll it was held that the order striking his name from the roll was void, for the reason that Bradley was called upon to answer the charge of contempt of court, and that when the answer to such charge came in he could not, without any further notice or opportunity of defense or explanation, be punished for another and distinct offense, to-wit, misconduct as an attorney.

As the judgment of the circuit court is not conclusive upon the respondent, and treating all facts well pleaded in the answer as true, as we must upon demurrer, the rule must be discharged.     *Rule discharged.*