(No. 24458.—

CLARENCE WAYLAND *vs.* THE CITY OF CHICAGO.—(THE CITY OF CHICAGO, Appellee, *vs.* IRVING G. ZAZOVE, Appellant.)

*Opinion filed April 15, 1938—Rehearing denied June 8, 1938.*

Wilson, J., specially concurring.

Alexander Wolf, for appellant.

Otto Kerner, Attorney General, for the Circuit Court of Cook county.

Mr. Justice Stone delivered the opinion of the court:

Appellant, by this appeal, attacks the jurisdiction of the "Executive Committee" of the circuit court of Cook county to suspend him from the practice of law in that court. There was first filed before that committee a petition charging appellant with contumacious conduct before the Hon. Wm. J. Wimbiscus sitting as a circuit judge in the trial of a suit entitled *Wayland* v. *City of Chicago*. Appellant was the trial attorney for the plaintiff in that case. A jury returned a verdict for $35,000 in favor of the plaintiff and against the city. Pending a motion for a new trial Barnet Hodes, corporation counsel, signed a petition addressed to

the executive committee of the circuit court of Cook county, asking leave to file the same, and, if filed, that a rule be entered upon appellant, an attorney at law practicing in said court, to show cause why he should not be held in contempt of court, punished accordingly, and for such further orders as might seem appropriate for the vindication of the honor, dignity and authority of the court. Leave was granted to file the petition and a rule was entered upon appellant to answer the petition within fifteen days. The petition set up facts with reference to the filing, trial, judgment and motion for a new trial in the *Wayland case.* It then charged that appellant, before Judge Wimbiscus, at a proceeding in the matter of a motion for a new trial, contumaciously, and in contempt of the circuit court, stated that he opposed the filing of any amended motion for a new trial, because he (appellant) was approached by one Chester L. Walker, who stated to appellant that if he (appellant) would cause the judgment to be entered on the verdict in that case to be assigned at sixty-five per cent of the amount of the judgment, the city's motion for a new trial would be withdrawn and the city's right to an appeal waived; that appellant also said that Walker told him that the city attorney's office cannot live on what they make and that there is graft in all public offices. The petition then sets out transcripts or excerpts from interviews between Barnet Hodes, corporation counsel, his assistants, and appellant. The petition prays that appellant be found guilty of contempt.

Appellant answered the petition under oath and moved to dismiss it on the ground that the executive committee of the circuit court had no jurisdiction to hear the matter. This motion was denied. A hearing was had before the Hon. Harry M. Fisher, circuit judge, who announced he was hearing the contempt matter and that he, with Judges Joseph M. Burke and John R. Caverly, as the executive committee of the circuit court, would sit and pass on the

matter of whether or not appellant should be suspended from practice in the circuit court of Cook county. After a hearing of petitioner's evidence, Judge Fisher, on July 1, 1937, announced the dismissal of the proceedings as to the contempt. On July 9, 1937, over objection, the petitioner was given leave to amend the dismissed petition to pray that appellant be suspended from practice in the circuit court of Cook county. Appellant was ordered to answer the amended petition instanter, and on failure so to do his answer to the original petition to stand as the answer to the petition as amended. Appellant's renewed motion attacking the jurisdiction of the executive committee to hear the proceedings was denied. After further hearing the executive committee of the circuit court, consisting of Judges Fisher, Burke and Caverly, on July 15, 1937, entered an order finding appellant guilty of malconduct in his office of attorney and counsellor at law because of the matters and things stated in the opinion and ordered that appellant be suspended as attorney and counsellor at law from practice in the circuit court of Cook county and in every branch thereof, until October 5, 1937, the first day of the next term of the Supreme Court of Illinois.

On motion, this court granted leave to the Attorney General to file a brief on behalf of the circuit court of Cook county. With that brief is filed a motion to dismiss this appeal on the ground that the period of appellant's suspension having expired, the cause has become moot. While ordinarily such a motion would be allowed, the unusual nature of this proceeding, and the manner in which it was conducted, present questions that are not moot. Chief among those questions is the issue, raised by appellant, whether the executive committee of the circuit court was without jurisdiction and, therefore, whether the entire proceedings were void.

The judge of any court of record has power and jurisdiction to punish an offender, be he an attorney or layman,

for contempt of court. Section 6 of chapter 13, Smith-Hurd Stat. 1935, page 189, provides that the justices of this court, in open court, shall have power at their discretion to strike the name of any attorney from the roll for malconduct in his office. That section also provides that any judge of a circuit court, or of the superior court of Cook county, shall, for like cause, have power to suspend any attorney or counsellor at law from practice in the court over which he presides, during such time as he may deem proper, subject to the right to have such order set aside by this court upon appeal. This statute is penal in its nature and is to be strictly construed and not extended by implication to things not expressly within its terms. (*Moutray* v. *People,* 162 Ill. 194.) In the *Moutray case* it was also held that the judge who presides over the circuit court of the particular county has power to suspend an attorney or counsellor at law from practicing in the circuit court of the particular county where the judge is then sitting, but the power delegated or limited by statute does not extend to courts other than the circuit court of the particular county or the superior court of Cook County, and does not extend to other circuit courts established by law or other counties of the circuit, and that the order suspending the Moutrays from the practice of their profession in all of the fourteen counties comprising the second circuit, was void so far as it purported to suspend those attorneys from the practice in. any court other than the circuit court in the particular county over which the judge was then presiding.

It has also been settled in this State that in the circuit or superior court of Cook county it is error for more than one judge to participate in the proceedings in a given case, but each step taken in the cause should be by a single judge and this fact should appear from the record. (*Courson* v. *Browning,* 78 Ill. 208.) In *Hall* v. *Hamilton,* 74 Ill. 437, this court held that each of the judges of the circuit and superior courts of Cook county, under the constitution, is

invested with all the powers of a circuit judge and may hold court in a branch thereof, and that it is error for more than one to preside at the same time during the trial of any case, or to participate in any decision and the record should show that but one judge presides.  See, also, *Harvey* v. *Van DeMark,* 71 Ill. 117.

We are presented with no authority, and have found none, indicating that the executive committee of the circuit court of Cook county, as it is called, is a court or has any authority to sit as a court to pass upon any matter pending in the circuit court.  The statute authorizing the court to suspend an attorney from practice, means that only the judge before whom or against whom the acts complained of took place can properly sit and pass upon the question whether the attorney against whom the accusation is made should be suspended, and the right to suspend an attorney is limited to the court over which the judge suspending him then presides.

In the instant case the accusation filed on behalf of the city of Chicago was that appellant made certain slanderous accusations before Hon. Wm. J. Wimbiscus, sitting as one of the judges of the circuit court of Cook county.  That judge did not see fit to cite appellant for contempt nor did the petitioner see fit to ask leave of that judge to file the complaint before him.

As we have seen, the petition filed on behalf of the city of Chicago was dismissed on July 1, 1937.  While the order of dismissal recited that the proceedings were dismissed as to appellant "as to any matters alleged in the petition and said affidavit, upon which contempt might be predicated," a reading of that petition shows that the sole accusation was of contemptuous acts on the part of appellant before Judge Wimbiscus.  Therefore, the order of dismissal of that petition disposed of the entire proceeding affecting the acts of appellant.  Nevertheless, on July 9, 1937, an order was entered granting leave to file an amend-

ment to that petition and a purported amendment was then filed petitioning "for a rule on Irving G. Zazove, attorney for the plaintiff herein, to show cause why he should not be adjudged to be in contempt of this court, and also why he should not be suspended from practice before the circuit court of Cook county, and why the court should not make such further and other order or orders, and take such other and further steps and proceedings as to it may seem appropriate for the vindication of the honor, dignity and authority of the court and the preservation of the rights of parties to causes pending before it, including this petitioner." The prayer for rule was in like language. Appellant was ruled to answer instanter and on his failure to so answer, then his answer to the original petition to stand as an answer to the "amended petition."

It is argued in the brief filed on behalf of the court, that it was proper to hear the contempt proceeding simultaneously with the proceeding to suspend. The contrary has been clearly held by this court. (*People* v. *O'Brien,* 196 Ill. 250.) Nor do the provisions of the Civil Practice act change that rule. A disbarment action or proceeding to suspend an attorney at law does not come within the Civil Practice act.

We are at a loss to understand what is meant by hearing the contempt proceeding since the petition in the contempt proceeding was dismissed. If it be said that contempt was committed by appellant in the hearing in this case no such accusation has been brought against him. If it be said that his manner of defense constituted contempt, such is not charged in either the dismissed or amended petition. It is argued that there is enough in the record of the hearing to show him guilty of contempt and to justify his suspension. The record discloses that he frequently sought to argue with Judge Fisher over questions the latter put to him, which, appellant's counsel argue, indicated more definitely the attitude of a prosecutor on the part of Judge

Fisher. The record discloses no discourtesy on his part toward the court. He was defending what he took to be charges of contempt. We are of the opinion, without passing upon the truth of those charges, that appellant can not be held for contempt for the defense he presented.

From whence then, does the authority to suspend appellant arise? This court held in *People* v. *Callopy,* 358 Ill. 11, and again in *People* v. *Cowdrey,* 360 id. 633,—and it is provided in section 2 of the Civil Practice act,—that the rule-making power is vested in this court for circuit courts, subject to the power of circuit courts to make rules regulating dockets, calendars and the conduct of the business of the court. It cannot be said that a proceeding to discipline an attorney at law comes within the realm of regulating dockets, calendars or the conduct of the business of that court.

The Attorney General argues that rule 42 of the rules of court of the circuit court of Cook county confers that power. It so provides. In section 4 thereof it is provided: "But before entering any order suspending from practice in this court as a whole, the judge shall consult the executive committee of this court and shall enter such order only with the approval of the executive committee after opportunity for further hearing before such executive committee." This provision, it is readily seen, is an extension of the authority granted by the statute hereinbefore discussed and can find no authority in that act. It is equally clear that this provision of rule 42 relates to procedure. The power to make such rules, as provided by section 2 of the Civil Practice act, and as held in the *Callopy case,* does not rest in the circuit court. Thus it appears there is neither statutory authorization nor inherent power in the circuit court to support such a rule.

Our conclusion is that Judge Fisher, on dismissal of the contempt petition, was without authority to further proceed thereunder; that he had no authority to suspend appellant

from any court other than the one in which he was sitting as a circuit judge, and that rule 42, in so far as it enlarges the provisions of the statute and rule of this court, is void. It follows that the order appealed from is void. That order is reversed and the cause is remanded, with directions to expunge it from the record.

*Reversed and remanded, with directions.*

Mr. JUSTICE WILSON, specially concurring: I agree with the result reached in this opinion but not with all that is said therein.