THE PEOPLE *ex rel.* Louis Seegers, Appellant, *vs.* BUR-
LEIGH A. DUNLAP *et al.* Trustees of Schools, Appellees.

*Opinion filed December 21, 1910—Rehearing denied Feb. 9, 1911.*

1. SCHOOLS—*single petition and election not sufficient to estab-
lish a township high school in two or more townships or districts.*
In order to establish a township high school for two or more ad-
joining townships or school districts, under section 87 of School
law, there must be a petition for each township or district and
there must be an election in each township or district, at each of
which there must be a majority vote in favor of the proposition,
and it is not sufficient for the townships or districts to unite in a
single petition and election.

2. MANDAMUS—*writ will not be awarded unless there is a clear
legal duty to be performed.* While *mandamus* is not a proper rem-
edy to contest an election, yet it is also true that a peremptory
writ of *mandamus* will not be awarded unless there is a clear legal
duty to be performed, and hence if it appears, on the face of the
petition for the writ, that the duty claimed to exist is predicated
upon a void election, it is proper for the court to sustain a de-
murrer and dismiss the petition.

APPEAL from the Circuit Court of Cook county; the
Hon. MAZZINI SLUSSER, Judge, presiding.

F. J. GRIFFEN, and ENOCH J. PRICE, for appellant.

BRADLEY, HARPER & EHEIM, (SAMUEL A. HARPER, of
counsel,) for appellees.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of
the court:

This is a proceeding by *mandamus* for the purpose of
compelling trustees of schools in township 39, range 12,
Cook county, Illinois, to call a special election for the pur-
pose of electing a township high school board of education.
A demurrer, both general and special, was interposed to
the petition in the circuit court of Cook county, which was
sustained and the petition dismissed. The appellant has
prosecuted an appeal from that judgment.

School districts Nos. 92 and 93 in township 39, range 12, in Cook county, are adjoining districts. A petition was signed by the requisite number of legal voters of said districts for the purpose of obtaining a vote upon the proposition to establish a township high school for said school districts. The petition shows that in pursuance of a notice an election was held for both districts at Thiele's Hall, and that the voters of the two districts interested were notified that an election would be held at said hall for the purpose of voting upon the question of establishing a high school for said districts. As a result of said election the trustees declared the proposition had carried for the establishment of such high school. The petition shows that a demand was then made upon the trustees to call an election for the election of a board of education for such high school district and that said trustees refused to call such election. The prayer of the petition is for a writ of *mandamus* to compel them to call such election. The controlling question involved in the controversy is whether the vote taken was such as to require the trustees to proceed to call an election for the high school board of education.

Section 87 of chapter 122 of Hurd's Revised Statutes of 1909 provides as follows: "Two or more adjoining townships, or two or more adjoining school districts, whether in the same or different townships, may, upon petition of at least fifty legal voters in each of the townships or school districts, or if a school district contains fewer than one hundred and fifty voters, then by at least one-third of the legal voters of such district, and upon an affirmative vote in each of such townships or districts, at an election held pursuant to the provisions of section 85 of this act, establish and maintain in the manner provided for township high schools, a high school for the benefit of the inhabitants of the territory described in such petition."

In the case at bar but one petition was presented and but one election was held. The voters in the school dis-

trict other than the district in which Thiele's Hall is lo-
cated were required to go out of their district for the
purpose of casting their votes at said election. Manifestly,
the trustees refused to proceed further with the organiza-
tion of said high school district for the reason that an elec-
tion should have been held in each of said districts and
a majority of the votes in each district should have been
cast for the proposition. An examination of sections 85
and 86 of the School law will show that a township high
school may be established in a single township, embracing
all of the territory of such township, upon the petition of
fifty or more legal voters of such school township, and by
holding an election in such township at which the voters
will vote for or against the proposition of establishing a
township high school, and if a majority of the votes cast
shall be in favor of establishing such high school, then it
shall be the duty of the trustees to call a special election
for the election of a board of education, to consist of five
members. But under section 87 a township high school
may be organized by two or more adjoining townships or
two or more adjoining school districts, and when the at-
tempt is made to organize under section 87, it is clearly
the intention of the legislature that there should be two or
more petitions, one for each township or school district,
as the case may be, and that there should be an election
held in each township or district, and that a majority of
the votes in each township or district should be in favor
of the establishment of such high school. In the case at
bar the attempt was made to organize a township high
school under section 87 but the election was held under
sections 85 and 86, which have no application to the organi-
zation of township high schools under section 87.

Appellant contends that the validity of this election can
not be inquired into in this proceeding. While it is true
that *mandamus* is not a proper remedy for the purpose of
contesting an election, still it is a well established rule of

law that before a court will award a peremptory *mandamus* it must be made to appear that there is a clear legal duty existing which it is sought to enforce. In the case at bar it cannot be said that it was the duty of the trustees to call another election for the purpose of electing a board of education simply because a majority of the voters at an election illegally held had declared in favor of the establishment of such high school. In *People* v. *Forquer,* Breese, 104, this court held that a *mandamus* would not be granted to compel a person to do an act where it is doubtful whether he has the right, by law, to do such act or not. In *People* v. *Town of Oldtown,* 88 Ill. 202, this court held that where a railway charter provided that when ten legal voters of any city, county or town should present to the clerk thereof a written application requesting an election to determine whether a subscription or donation should be made to the company, such clerk should receive and file the application and call an election; that a written application signed by legal voters was necessary to the validity of any election held under such charter, and that without proof that such application was delivered to the clerk and was signed by ten legal voters no subscription could be legally made nor could the municipality be compelled to issue its bonds in pursuance of such vote, and that *mandamus* would not issue without proof that the preliminary requirement had been complied with. This case, and other cases in line with it, simply announces the well established doctrine that before a writ of *mandamus* will be awarded, the party seeking such mandate must show a clear legal right to the writ. The petition, on its face, in the case at bar shows that the election was illegally held and that it imposed no duty on the trustees to proceed further in the organization of such high school district. The demurrer was properly sustained.

The judgment below will accordingly be affirmed.

*Judgment affirmed.*