(No. 10961.—Reversed and remanded.)

HOSEA W. WELLS *et al. vs.* EGBERT ROBERTSON *et al.*—
(JAMES DONAHOE, Appellant, *vs.* ARNOLD HEAP, Appellee.)

*Opinion filed February 21, 1917—Rehearing denied April 4, 1917.*

1. ELECTIONS—*women cannot vote for judges of the municipal court of Chicago.* Women cannot vote for judges of the municipal court of Chicago, for the constitution provides that when such a court is created the officers thereof shall be chosen at an election, and this means an election by men voters. (*Franklin* v. *Westfall,* 273 Ill. 402, followed.)

2. SAME—*when a judgment dismissing mandamus suit will not estop candidate to file cross-petition to contest election.* A writ of *mandamus* to compel a canvassing board to authorize the granting of a certificate of election to the petitioner on the ground that votes cast by women were illegal is not a proper remedy as the canvassing board has no power to determine that question, and a judgment dismissing the petition does not bar the petitioner's right to file a cross-petition in an election contest proceeding involving the same question and the same office.

3. SAME—*when cross-petition to contest election need not make all candidates for the same office parties.* Where the only question in a suit brought to contest an election, as shown by the petition and cross-petition, is whether the petitioner or the cross-petitioner was elected according to tabulated returns which are admitted to be correct, the cross-petition need not make other defeated candidates parties thereto.

4. RES JUDICATA—*what is necessary to render doctrine of res judicata available.* To render any judgment or other final adjudication available as an absolute bar to a second action between the same parties it must appear that the issues in the second action, upon which the judgment is brought to bear, were material issues in the first action, and the court must have had jurisdiction to render the judgment.

5. SAME—*the court is presumed to have reached its decision by determining questions necessarily involved.* In applying the doctrine of *res judicata* the presumption must be that the court reached its judgment by determining questions necessarily involved in the suit, and that questions both of law and fact applicable to the relief sought, and those only, were determined.

6. APPEALS AND ERRORS—*the Supreme Court will not consider cross-errors unless signed by party or his attorney.* An assignment of cross-errors must be signed by the party or his attorney before the Supreme Court will consider the same.

CARTER, J., dissenting.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

EDWARD OSGOOD BROWN, and MILLER, STARR, BROWN, PACKARD & PECKHAM, for appellant.

MILLER, GORHAM & WALES, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On December 23, 1914, Hosea W. Wells filed in the superior court of Cook county a petition to contest the election of ten associate judges of the municipal court of Chicago. The petition sets forth that an election was held on November 3, 1914, in the city of Chicago, for the election of ten associate judges of the municipal court of the city of Chicago and that there were forty candidates for election to said offices,—ten candidates on each of the tickets designated as the progressive, socialist, democratic and republican. All of said candidates except the petitioner aforesaid were made parties defendant to the petition. The petition charges, in general terms, violations of the law by mistakes and irregularities in the count and tabulation of votes, and there were many other charges of fraud and illegal acts by the election officers usually found in such petitions for election contests. The petition further charges that after the delivery by the judges and clerks of the election returns of said election to the properly constituted authorities, the canvassing board for the city of Chicago made a canvass of the results shown by the returns and on November 23, 1914, made a proclamation of their canvass and the vote as shown by said canvass. The petition sets forth the number of men and women votes each of the forty candidates received at said election

in a tabulation showing the same results given in the tabulation in the opinion of this court in *Donahoe* v. *Owens,* (*ante,* p. 318.) The petition contained the usual prayer.

Answers were filed to the petition by Arnold Heap, appellee, and James Donahoe, appellant. In his answer appellant stated that a record of the vote cast at said election was made by said board of canvassers as stated by petitioner, and that the totals therein set out are substantially correct, except that said board set forth in its tabulation the total number of votes cast for every candidate for the office of associate judge of said court as being the total vote cast for him by men and women voting at said election. It is also averred in the answer that the number of votes cast by men and women at said election was correctly set forth by said canvassing board in its tabulation of the vote cast at said election. It is also averred in said answer that appellant was unlawfully deprived of one of the judgeships by reason of the illegal votes cast in said election by the women voters and the counting and canvassing of the same. The substance of the answer of Arnold Heap to the said petition is an admission that Wells was a qualified candidate for the office aforesaid and an admission that the tabulated vote set forth in said petition correctly sets forth the vote of both men and women cast for all the various candidates at said election as shown by the returns to the canvassing board and by the abstract of the vote and the proclamation made by the canvassing board. It is averred, also, in the answer that the tabulation made by the canvassing board truly sets forth the number of votes cast at said election for said office by both men and women, and it is denied in the answer that the said tabulation and proclamation so made by the canvassing board are incorrect, illegal or fraudulent, and the contestee therefore claimed in his answer that he, and not the petitioner, was duly elected to said office.

On December 30, 1914, appellant filed a cross-petition to contest the election of Arnold Heap and to which Heap

was made the sole defendant.  After the usual averments
made in such a petition, the substance of the averments in
the cross-petition.is, that the canvassing board made a true
tabulation and proclamation of all the votes cast by men
and women at said election for the various candidates at
said election, and sets forth such tabulation in tabulated
form as shown in *Donahoe* v. *Owens, supra.*  The cross-
petition then sets forth that the office of associate .judge of
the municipal court of.Chicago is an office created or pro-
vided for by the provisions of the constitution and does not
fall within the description of offices set out in the Women's
Suffrage act of June 26, 1913, for which women may vote;
that therefore the votes of women cast for the several can-
didates at said election should not be counted and that only
the votes of the men cast at said election should be counted.
The petition then charges that the cross-petitioner, and not
Arnold Heap, was duly elected to said office.  To the cross-
petition Arnold Heap filed four pleas in bar, the first of
which is, in substance, that appellant filed on December 3,
1914, in the circuit court of Cook county, a petition for a
writ of *mandamus* against the members of the canvassing
board.  The plea then sets forth the substantial averments
of the petition for *mandamus* as set forth in *Donahoe* v.
*Owens, supra,* and further sets forth that all the defendants
to the said petition for *mandamus* filed general demurrers,
which were sustained by the circuit court and the petition
for *mandamus* dismissed, etc.; that on such hearing up-
on said demurrer this respondent and his co-defendants in
said petition for *mandamus* argued, among other things,
that at said election the women voters were qualified legal
voters under said act of June 26, 1913, and were permitted
by law and the constitution to vote for the office of associ-
ate judge of said municipal court, and that said petition for
*mandamus* was ill-founded, and that the said circuit court,
in passing and ruling upon said demurrer, so held; that
the appellant excepted to the judgment of the circuit court

and was granted an appeal upon filing bond of $200 within twenty days; that a bill of exceptions was filed within sixty days, as allowed by the court, but that no appeal bond was filed; that the judgment in said *mandamus* suit remains in full force and effect, and appellee pleads the same to the whole of the cross-petition and in bar thereof. The said four pleas were set down for argument as to their sufficiency, whereupon the court found and adjudged that said first plea was a good and sufficient plea in bar to the cross-petitioner's action, and that the second, third and fourth were insufficient. Appellant having elected to stand by his cross-petition, and having declined to file any replication to the said first plea and to recognize the same as sufficient to bar his action, the court dismissed the cross-petition at the cost of appellant, and appellant has perfected his appeal to this court.

The substance of appellant's claim in this court, as set forth in his cross-petition, is, that the election returns and the tabulation of such returns by the canvassing board are correct as to the number of votes actually cast at said election for the various candidates for said office by men and women voters, and that all the votes cast by the men voters at said election are legal votes and were properly counted for said candidates and are the only legal votes that were cast at said election. He bases his claim that all of the said votes cast by women are illegal votes and were improperly and illegally counted for the various candidates upon the ground that an associate judge of the municipal court of Chicago is an officer named or provided for by article 6 of the constitution, for the election of whom women cannot legally vote. His claim that women cannot legally vote for a candidate for that office is sustained by the holding of this court in the case of *Franklin* v. *Westfall,* 273 Ill. 402, which holds, in substance, that as the constitution provides that such an officer shall, when such a court is created, be chosen at an election, such election must be by men voters, as ruled

in *People* v. *English,* 139 Ill. 622. Excluding from the
count the votes cast by women at said election, the ten can-
didates elected at said election,—*i. e.,* the ten candidates re-
ceiving the greatest number of men votes cast at said elec-
tion as set forth in said cross-petition,—are the following:
Charles N. Goodnow, Joseph E. Uhlir, Sheridan E. Fry
and Samuel H. Trude, republican candidates, and John
Stelk, Frank H. Graham, Dennis W. Sullivan, Edmund K.
Jarecki, Joseph E. Ryan and James Donahoe, democratic
candidates.

The only proposition, as thus set forth by appellant, that
is challenged by appellee on this record is appellant's right
to assert and maintain in this action that the votes cast
by women in said election are illegal votes and cannot be
counted against appellant. Appellee's exact contention is
that appellant is estopped by the judgment of the circuit
court in the *mandamus* proceeding to assert that the women
votes were illegal, as set forth in appellee's first plea. The
circuit court properly held that appellant made no proper
showing in that case to warrant the court in compelling the
canvassing board, by *mandamus,* to grant him a certificate
of election, notwithstanding the fact that women had no
legal right to vote at said election. The members of the
canvassing board are mere ministerial officers, and it was
not within their province either to determine the constitu-
tionality of our statute on women suffrage or the constitu-
tional question whether or not such associate judges belong
to the class of officers for whom women may legally vote
under said act. (High on Ex. Legal Remedies, sec. 43.)
Their duty is a mere mechanical or mathematical duty.
They can only compute the votes cast for the several can-
didates that are duly certified to them and declare the re-
sult. They had no right to go behind the returns and de-
termine whether any of the votes cast were illegal. The
writ of *mandamus* is not the proper writ to finally deter-
mine the right of any candidate to an office. (*People* v.

*Head,* 25 Ill. 287; *People* v. *Hilliard,* 29 id. 413.) As the canvassing board had no right or power to decide the legal points in question, the circuit court had no right or power in that action to compel it to make such a decision, and if it did make the decision it cannot estop appellant to assert his rights in this suit. (1 Freeman on Judgments, sec. 264.)

To render any judgment or other final adjudication proceeding from a court of competent jurisdiction available as a bar in a second action between the same parties or their privies it is absolutely essential that the issues in the second action, upon which the judgment is brought to bear, were material issues in the first action and necessarily determined by the judgment therein. (1 Freeman on Judgments, sec. 256.) Stated in another way, "to be a bar to future proceedings it must appear that the former judgment *necessarily* involved the determination of the same fact to prove or disprove which it is offered in evidence." (*Foster* v. *Busteed,* 100 Mass. 409.) The court must also have jurisdiction to make such a decision. It therefore seems clear that the finding or decision of the circuit court in the *mandamus* proceeding that the votes of the women were illegal votes is not a bar to this proceeding upon the doctrine of *res judicata* or estoppel by verdict. The presumption must necessarily be that the circuit court reached its judgment by determining questions necessarily involved in that suit, and that questions both of law and fact were determined that were applicable to the relief sought, and those only. There is no theory upon which the proceeding in the circuit court could be an absolute bar to this suit. If it is such a bar it must be mutual, as argued by appellant's counsel, and the judgment of the court as rendered, or a judgment in the *mandamus* proceeding against appellee, would have barred him from maintaining an election contest against appellant.

If the demurrer be carried back to the cross-petition said cross-petition was not demurrable because other candidates in said election were not made parties thereto, as argued by

appellant.   Both the cross-petition and the answer of appellee to the original petition show that it was unnecessary to make any other candidates parties, because they disclose, and in fact it is asserted in both of them, that the true votes were certified and canvassed and tabulated by the canvassing board.   There was only one question presented, so far as disclosed by the pleadings, for the court to determine, and that is whether appellant was elected or appellee, who is now holding the office and the only one holding the office whose right thereto is questioned.   It was not necessary to make other candidates parties.   *Brents* v. *Smith,* 250 Ill. 521 ; *Mayfield* v. *Miles,* 266 id. 186.

Cross-errors have been argued by appellee in his brief which it is claimed are assigned on the record.   There is no such assignment on the record properly signed by appellee or his counsel.   There is an assignment of errors on the record purporting to be by appellee which questions the rulings of the court in overruling appellee's second, third and fourth pleas.   Such assignment is not signed by appellee or his counsel.   The cross-errors constitute the pleadings of appellee in this case and must be signed by him or his attorney before the court will consider them.   (2 Ency. of Pl. & Pr. 960.)

For the reasons above given, the judgment of the superior court is reversed and the cause remanded for further proceedings, with directions to permit appellee to plead any further or other defense he may have to this action.

*Reversed and remanded, with directions.*

Mr. JUSTICE CARTER, dissenting:

I cannot concur in that part of the opinion which holds that in the *mandamus* proceedings the question whether appellant or appellee was legally elected on the record in that case could not be there decided.   It is true that the canvassing of election returns and the issuing of certificates of election are duties that are merely ministerial in their na-

ture, but the circuit court, in passing on the question whether it would *mandamus* the election board with reference to canvassing the votes cast by the women, was authorized to pass on the constitutionality of the statute in question. In *People* v. *Czarnecki,* 265 Ill. 489, this court *mandamused* the election board, requiring it to issue ballots for women which would contain no names of candidates for president of the board of county commissioners. The principle involved in that case is identical with the principle involved in this case on this point as to the power of the circuit court to pass on the validity of the statute permitting women to vote for the city judges here in question. Because the election officials could not authoritatively determine the judicial question as to whether this statute was constitutional or not does not prevent a court of competent jurisdiction in a *mandamus* proceeding from passing on the constitutionality of a law and then directing the canvassing board to perform its functions in accordance with the court's determination as to what the law is.

The suggestion that *mandamus* is not the proper remedy to determine the title to office is ordinarily true but is not true when the facts to be passed upon are similar to those in this proceeding. In the case of *People* v. *Hilliard,* 29 Ill. 413, this court by *mandamus* proceedings settled the title to an office, and, in effect, decided an election contest. This court also practically did the same thing in *People* v. *Nordheim,* 99 Ill. 553. See, also, to similar effect, *Davies* v. *McKeeby,* 5 Nev. 369. To hold otherwise in this case, it seems to me, is to base the decision more on form than substance.

As I understand this record, with all deference to the opinion of the court, I am disposed to think that other candidates should have been made parties to this contest.