(No. 26611.—

THE PEOPLE *ex rel.* Edgar A. Jonas, Petitioner, *vs.* VICTOR L. SCHLAEGER *et al.,* Respondents.

*Opinion filed November 17, 1942.*

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, (FLOYD E. THOMPSON, ANAN RAYMOND, and ROBERT Z. HICKMAN, of counsel,) for petitioner.

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAMBERG, and WILLIAM J. TUOHY, of counsel,) for respondents.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an original petition for *mandamus* filed by leave of the court. The petition was filed by the People of the State of Illinois on relation of Edgar A. Jonas, as relator. The respondents named in the petition are Victor L. Schlaeger, clerk of the superior court, Michael J. Flynn, county clerk, John Toman, county treasurer of Cook county, and William J. Lindsay, James F. Fardy and Peter Schwaba, judges of the superior court of Cook county, constituting the executive committee of said court. In response to the summons issued by direction of this court, respondents appeared and filed a joint answer. The answer admitted the facts pleaded in the petition and raised only questions of law arising on the admitted facts. The issues were thereupon ordered closed. The cause has been submitted on the petition and the answer thereto, which is treated as a demurrer to the petition, and on the briefs and arguments of the respective parties. As already observed, the facts are not in dispute.

At a regular election held in Cook county in July, 1935, Walter T. Stanton with twenty others, was duly elected to the office of judge of the superior court of Cook county. This office is a judicial office created by section 23 of article VI of the constitution. By that section it is pro-

vided that the terms of office of such judges shall be six years. The constitution does not fix the time when judges of the superior court shall be elected, nor when their terms of office shall begin or end. The only restriction found in the constitution is the provision that the term shall be six years. Where the time at which the term of an office created, or authorized, by the constitution begins is not fixed by the constitution, or otherwise limited or restricted by it, the legislature is free to fix such time by legislation. In the exercise of this power the legislature, by an act which became effective on April 17, 1935, (Ill. Rev. Stat. 1941, chap. 46, par. 14a,) provided that twenty-one judges of the superior court of Cook county should be elected on the first Monday in July, 1935, and on the first Tuesday after the first Monday in November, 1941, and every six years thereafter. It was further provided in the act that each of the judges so elected shall enter upon the duties of his office on the first Monday in December next after his election and shall hold office for a term of six years "and until his successor is elected and qualified."

By section 32 of article VI of the constitution it is provided that "All officers provided for in this article shall hold their offices until their successors shall be qualified." This provision applies to all officers provided for in article VI and includes judges of the superior court of Cook county who are provided for in section 23 of that article.

Under the above statute Judge Stanton was elected for a term of six years, which term, the statute provided, was to begin on the first Monday in December, 1935. He qualified and entered upon the duties of that office for the term provided by law. On the first Tuesday after the first Monday in November, 1941, he was reelected for a like term commencing on the first Monday in December, 1941. On November 8, 1941, Judge Stanton died, before having completed the term for which he was elected in July, 1935. This term did not expire until the first Monday in December, which was the first day of December, 1941.

Section 32 of article VI of the constitution provides that vacancies in the office of judge, provided for in that article, where the unexpired term does not exceed one year, shall be filled by appointment by the Governor. On November 28, 1941, and within one year of the date on which the term for which Judge Stanton was elected in 1935 expired, the Governor appointed relator to the unexpired term. He qualified by taking the statutory oath which was filed in the office of the Secretary of State, and a commission was duly issued to him as evidence of his appointment for the unexpired term and until his successor should be duly elected and qualified. No question is raised as to the existence of a vacancy, at the time the appointment was made, or as to relator's qualifications to hold the office. Nor is there any question raised as to the legality of his appointment and qualification. The sole question is whether respondents had the right to determine for themselves relator's tenure of the office had terminated by the qualification of his successor.

Relator alleges in his petition that on the day of his appointment, and after the appointment was made, and after he had qualified, he presented himself to the executive committee of the superior court and requested and demanded of said executive committee and of the chief justice of said court, that he be given an assignment of judicial duties and that he be furnished with a court room in accordance with the rules of said court; that the request was denied and the demand refused. By what authority this request was refused, does not appear from the record. He had been lawfully appointed and qualified. It could not be contended by anyone, at that time, that he did not lawfully hold the office. No claim that his term had then expired could possibly be made or justifiably asserted.

It is further alleged in the petition that subsequent to the first Monday in December, 1941, relator again requested and demanded that he be assigned a court room and that he be given a calendar of cases or other assignment of

duties as one of the judges of said court pursuant to the rules of the court; that said request was denied and his demand refused; that relator was notified by the chief justice and the executive committee that any demands thereafter made would not be entertained by them and would be refused. It is further alleged that on the day of his appointment, he filed in the office of the clerk of the superior court of Cook county, a written oath of office properly executed; that thereupon, the clerk of said court caused the name of relator to be enrolled upon the records of his office as a judge of the superior court and his name was certified by said clerk and the county clerk of Cook county as one of the judges of said court; that after his commission was issued to him and after he filed a like oath of office in the office of the Secretary of State, the Auditor of Public Accounts of the State of Illinois enrolled relator's name upon the records of his office as judge of the superior court; that he was paid the salary to which he was entitled as such judge for the month of November, 1941; that subsequent to the first Monday in December, 1941, he was informed by the clerk of said court that his name had not been placed on the roll of judges for the month of December or certified as such by the county clerk of Cook county; that he demanded that his name be placed on the roll of judges for December, 1941, which demand was refused; that thereafter the county treasurer of Cook county refused to issue him warrants in payment of the salary provided by law for judges of the superior court of Cook county for the month of December, 1941; that on or about December 26, 1941, he did receive a voucher from the Auditor of Public Accounts and State Treasurer for that portion of his salary for the month of December, 1941, payable out of the State treasury.

The prayer of the petition is that the writ of *mandamus* be issued, directed to the respondents in their respective official capacities, commanding the clerk of said court to

enroll the name of relator on the records of his office as one of the judges of the superior court of Cook county and certify relator's name to the county treasurer as such, directing the county clerk to draw warrants on the county treasurer for payment of that portion of his salary, payable out of the county treasury, for the month of December, 1941, and thereafter, and directing the county treasurer to pay such warrants when presented and directing the executive committee of said superior court of Cook county to assign to relator a docket or calendar of cases and furnish him a court room and otherwise take such steps as will permit relator to perform the duties of said office.

Respondents justify their refusal to recognize relator as a judge of the superior court because they contend that the term for which he was appointed expired with the expiration of the day last preceding the first Monday in December, 1941. They allege that on the first Monday in December, 1941, relator ceased to hold said office because the statutory term for which he was appointed terminated and on said date his successor qualified. They base this contention on the fact that at the November election, 1941, twenty-one judges of the superior court were elected for the term of that office commencing on the first Monday in December, 1941; that only twenty-one offices of judge of the superior court, for the term beginning on that date existed; that of the twenty-one judges elected at the November election, including Judge Stanton, no one of them was elected to succeed himself or to any particular one of the offices of judge of the superior court. Because of the death of Judge Stanton between the date of the election and the date fixed by law for the commencement of the term for which he was reelected, it is argued the remaining twenty judges elected November 4, 1941, having qualified for the new term, beginning on the first Monday in December, there was no vacancy in any term beginning on that date; that the twenty judges elected on November 4, 1941, who were

living and who qualified for the term of office beginning on the first Monday in December, collectively succeeded the twenty-one judges whose terms expired on that date; that relator did not hold over after the end of the term for which he was appointed, which, by statute, expired on the first Monday in December, 1941. They contend that this is a group office and that no one of the twenty judges who qualified for the new term can be said to succeed any particular judge who was in office at the end of the term immediately preceding. For the same reason it is further contended by respondents, that it cannot be said that any one of the twenty who qualified for the new term did not actually succeed relator.

On the other hand, relator contends that he was appointed to fill the unexpired portion of the Stanton term and until his successor should be elected and qualified; that Judge Stanton having died before he qualified for the term beginning on the first Monday in December, 1941, relator continues to hold the office until his successor qualifies. It is argued that if Judge Stanton had lived and had not been reelected and no other person had qualified to succeed him in the new term, beginning on the first Monday in December, Judge Stanton, under the constitution and statute, would have held over until his successor qualified. From this premise it is contended that relator stands in the position of Judge Stanton and no one having qualified to succeed him at the end of the term to which he was appointed, relator also holds over until his successor has qualified.

Relator having been lawfully appointed for a term ending on the first Monday in December, 1941, by the applicable provisions of both the constitution and the statute, he is entitled to continue in office until his successor is qualified, notwithstanding the statutory term for which he was appointed has expired. (Const., art. VI, sec. 32; Ill. Rev. Stat. 1941, chap. 46, par. 14a.) If his sucessor has not

qualified, it is conceded that he is entitled to the writ of *mandamus,* upon the facts pleaded and admitted by the answer. This concession is in accordance with the holdings of this court. (*People ex rel. Iddings* v. *Dreher,* 302 Ill. 50.) The time, if any, intervening between the end of the statutory term for which relator was appointed and the qualification of his successor is as much a part of the term for which he was appointed as any period of time preceding the termination of the fixed statutory term. *People ex rel. Holdom* v. *Sweitzer,* 280 Ill. 436.

We are not impressed with the argument that the office of judge of the superior court can be properly designated as a group office. The cases cited in which group officers are involved are of no aid in this case. While it is true that there are twenty-one judges provided for by the statute, they cannot be regarded as a group. They do not act collectively. Each occupies an independent office with equal powers and duties. They cannot and do not act jointly, or as a group. (*Wayland* v. *City of Chicago,* 369 Ill. 43; *Courson* v. *Browning,* 78 id. 208; *Hall* v. *Hamilton,* 74 id. 437; *Harvey* v. *Van DeMark,* 71 id. 117.) They function separately and independently. Each holds a separate, although similar, office, in no sense jointly with, or dependent upon, the others. In their functions, powers and duties they are, in every sense, equal. Each functions as the superior court of Cook county. (*Wayland* v. *City of Chicago, supra.*) The case cannot therefore be disposed of on the principles announced in the cases involving group officers who function as one body and who must act jointly.

The record shows that relator was lawfully appointed and had duly qualified as a judge of the superior court, prior to the first Monday in December, 1941. He was lawfully holding that office at the expiration of the statutory term for which he was appointed. Neither of the twenty judges who qualified and assumed the duties of the office of judge of the superior court for the term commencing

on the first Monday in December, 1941, claims the office of relator or to be his successor in that office. They are in no sense concerned with the question of whether relator's term has, or has not, expired. Whether relator does, or does not, hold over in no way affects their rights to the offices to which they were elected and qualified.

Under the facts shown, relator's term has not expired unless his successor has lawfully qualified. Other than the futile claim that the twenty judges who qualified for the term commencing on the first Monday in December, collectively succeeded to the twenty-one offices of judges of the superior court, there is no contention that any one has qualified as the successor of the relator. Until such successor has qualified, relator's term has not expired.

When relator's lawful appointment and qualification to the office is shown and admitted, as it is here, he is entitled to hold and enjoy the office until his right to continue in such office has been determined in an appropriate proceeding in *quo warranto*. This cannot be done in an action for *mandamus*. Relator having shown lawful title to the office, it was not within the power of the respondents to arrogate to themselves the right to say that his tenure had ended, and by their conduct oust him from the discharge of his official duties.

In *People ex rel. Cummings* v. *Head,* 25 Ill. 287, this court said, "Who shall say without law that the party who possesses all the evidence of election and qualification which he can ever have, all that the law has authorized to be given in any case, is not entitled to, and shall not enjoy the office?" Here the relator was lawfully in office. He requested respondents to do the things necessary to enable him to continue to discharge the duties and to enjoy the privileges of that office. They refused because they determined without any authority of law that, notwithstanding his lawful appointment and qualification, he had been ousted by the termination of his tenure. This they could not do. The

question they raised and assumed to decide could only be determined in an appropriate proceeding in *quo warranto*. This power was not vested in, nor could it be exercised by, any individual or official. Neither can that question be determined by this court in this *mandamus* proceeding. *People ex rel. Iddings* v. *Dreher, supra; Wells* v. *Robertson,* 277 Ill. 534; *People ex rel. Seegers* v. *Dunlap,* 248 id. 154; *People ex rel. Akin* v. *Matteson,* 17 id. 167; *People ex rel. Ewing* v. *Forquer,* Breese 104.

Relator having shown lawful evidence of his title, the power to question his right to hold the office is vested exclusively in the people and can only be exercised through their proper officers. Respondents had no right and no lawful authority to interfere with relator in the exercise of the duties of the office to which he was lawfully appointed and qualified. To permit any individual, or official, or group of individuals, or officials, to arbitrarily determine that his term of office has terminated and to effectually oust him from the discharge of the duties of that office, without any semblance of a hearing, or lawful warrant, would establish a rule condemned by the principles of our form of government, and universally denied by the decisions of our courts. The effect of the admitted acts of respondents was to remove relator from the office to which he had the lawful title.

The rule is well settled that *mandamus* is a proper remedy to restore a party to the possession of an office from which he has been improperly removed or whose right to discharge the duties of the office has been improperly or unlawfully interfered with. *People ex rel. Iddings* v. *Dreher, supra; Delahanty* v. *Warner,* 75 Ill. 185; *People ex rel. Brewster* v. *Kilduff,* 15 id. 492; *Street* v. *Comrs. of Gallatin County,* Breese 50; 38 C. J., p. 706, par. 290; 35 Am. Jur. p. 14, sec. 238.

The rule is also well settled that while the courts have some judicial discretion as to whether the writ of *mandamus*

shall issue in proper cases, still, where a clear legal right is shown by the relator, he is entitled to the writ. *Illinois Central Railroad Co.* v. *People,* 143 Ill. 434.

The acts of respondents complained of were without warrant or lawful authority. Clearly relator is entitled to the office to which he was lawfully appointed, until his successor is duly elected and qualified, unless and until he is ousted in an appropriate proceeding in *quo warranto* at the suit of the people in whom the power is solely vested. The writ of *mandamus* is awarded as prayed for in the petition.

*Writ awarded.*