(No. 28915.— )

THE PEOPLE *ex rel.* Robert C. White, Appellee, *vs.* ED-WARD R. BUTLER, County Clerk, *et al.,* Appellants.

*Opinion filed March 20, 1946—Rehearing denied May 16, 1946.*

ALAN S. WINDELS, State's Attorney, of Hillsboro, and H. B. TUNNELL, of Litchfield, for appellants.

OMER POOS, of Hillsboro, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Montgomery county, awarding the writ of *mandamus.* The complaint was filed in the circuit court in the name of the People on the relation of Robert C. White, against Edward R. Butler, as county clerk. He filed an answer to the complaint. The county of Montgomery was later

permitted to intervene as a defendant. It also filed an answer to the complaint.

A stipulation of facts in the record, on motion of appellee, was ordered stricken by this court because it had not been properly preserved in the record. From the allegations of the complaint, which are either admitted or not denied by the answers, however, the following undisputed facts appear.

At the general election held in November, 1942, relator was elected county judge of Montgomery county, for the term beginning on the first Monday in December, 1942, and ending on the first Monday in December, 1946. He qualified by taking the oath of office, and was duly and regularly commissioned as such county judge. He entered upon the performance of the duties of such office on the first Monday in December, 1942. On June 18, 1943, he was inducted into the United States Army as a private. His salary as county judge was paid by the county regularly up to January 1, 1944. At that time, appellant, as county clerk, refused to issue an order or warrant for the payment of relator's salary. He based his refusal on the ground that relator had accepted and, since his induction into the army, was holding an office of honor or profit under the government of the United States which, he claimed, vacated relator's office as county judge.

At the annual meeting of the county board of Montgomery county in September, 1943, it made an appropriation and levied taxes for the payment of the salary of the county judge for the fiscal year beginning September 1, 1943, and ending August 31, 1944. At the time this suit was filed, sufficient funds had been raised from said tax levy and were on hand in the treasury of the county to pay the salary of county judge for said fiscal year. The county clerk having refused to issue orders or warrants for the payment of relator's salary for the first six months of 1944, demand in writing for the payment of such salary

was served on the county clerk on July 1, 1944. Payment was refused. This suit was then brought. The prayer of the complaint was that a writ of *mandamus* issue, directing the county clerk to issue orders or warrants for the payment of relator's salary for the six months' period ending June 30, 1944.

The sole defense raised by the answers was that relator, having been inducted into the United States Army as a private, had accepted an office of honor or profit, and thereafter held such office under the United States Government; that he thereby vacated his office as county judge, under section 3 of article IV of the constitution. The trial court, upon a hearing, awarded the writ as prayed. This constitutional question, having been raised by the pleadings in the trial court, gives us jurisdiction on direct appeal.

The parties in this court have devoted their arguments solely to the constitutional question of whether a private in the United States Army is holding an office of honor or profit under the United States Government, within the meaning of section 3 of article IV of the constitution. Nevertheless, at the threshold of the inquiry, we are met with another question which, we think, is decisive of the case. As already indicated, it is undisputed in the record that relator was duly elected, qualified and commissioned to the office of county judge for the term of four years, beginning on the first Monday in December, 1942. The question arises as to what right the county clerk, who is a ministerial officer, had to determine that respondent had vacated his office and was not entitled to receive the salary as such officer.

In *Burgess* v. *Davis*, 138 Ill. 578, we said that the enjoyment of the fees, profits and advantages of an office are so connected with the proper discharge of the duties of the office itself that they cannot be separated. The identical question here involved was decided by this court in

*People ex rel. Jonas* v. *Schlaeger*, 381 Ill. 146. In that case the relator had been lawfully appointed to the office of judge of the superior court of Cook county. The county clerk refused to issue an order or warrant for the payment of that portion of his salary payable out of the county treasury. The clerk of the superior court and the executive committee refused to assign to the relator a court room, or provide him with a docket to enable him to discharge his duties as judge. The ground for their refusal was that his term of office had ended and that he was no longer lawfully holding the office. Thereupon, an original petition for *mandamus* was filed in this court by the relator, on leave granted, to compel the county clerk to issue orders or warrants for relator's salary and the county treasurer to pay the same; to compel the clerk and the executive committee of the superior court to assign him a court room and a docket to enable him to discharge the duties of the office to which he had been lawfully appointed, qualified and commissioned. It was admitted that he had been duly appointed, qualified and commissioned, but it was contended that his term had expired. In that case, we pointed out that where relator's lawful appointment and qualification to the office is shown, he is entitled to hold and enjoy the office until his right to continue in such office has been determined by an appropriate proceeding in *quo warranto;* that it was not within the power of the respondents in that case to determine for themselves that relator's tenure of office had ended and, by their conduct, oust him from the discharge of his official duties. Continuing, we there said:

"In *People ex rel. Cummings* v. *Head,* 25 Ill. 287, this court said, 'Who shall say without law that the party who possesses all the evidence of election and qualification which he can ever have, all that the law has authorized to be given in any case, is not entitled to, and shall not enjoy the office?' Here the relator was lawfully in office. He

requested respondents to do the things necessary to enable him to continue to discharge the duties and to enjoy the privileges of that office. They refused because they determined without any authority of law that, notwithstanding his lawful appointment and qualification, he had been ousted by the termination of his tenure. This they could not do. The question they raised and assumed to decide could only be determined in an appropriate proceeding in *quo warranto*. This power was not vested in, nor could it be exercised by, any individual or official. Neither can that question be determined by this court in this *mandamus* proceeding. *People ex rel. Iddings* v. *Dreher, supra* [302 Ill. 50]; *Wells* v. *Robertson,* 277 Ill. 534; *People ex rel. Seegers* v. *Dunlap,* 248 id. 154; *People ex rel. Akin* v. *Matteson,* 17 id. 167; *People ex rel. Ewing* v. *Forquer,* Breese 104.

"Relator having shown lawful evidence of his title, the power to question his right to hold the office is vested exclusively in the people and can only be exercised through their proper officers. Respondents had no right and no lawful authority to interfere with relator in the exercise of the duties of the office to which he was lawfully appointed and qualified. To permit any individual, or official, or group of individuals, or officials, to arbitrarily determine that his term of office has terminated and to effectually oust him from the discharge of the duties of that office, without any semblance of a hearing, or lawful warrant, would establish a rule condemned by the principles of our form of government, and universally denied by the decisions of our courts. The effect of the admitted acts of respondents was to remove relator from the office to which he had the lawful title."

That case is conclusive here. There is no difference on the facts or in the applicable rules of law. For the reasons there pointed out, the same conclusion must be reached.

The cases of *Fekete* v. *City of East St. Louis,* 315 Ill. 58, and *People ex rel. Cromer* v. *Village of Maywood,* 381 Ill. 337, relied upon by appellants, are not in conflict with the conclusion reached in the *Jonas case.* The *Fekete case* was an action in assumpsit against the city to recover the salary of city attorney. The *Cromer case* was an action in *mandamus* against the city officials to compel them to call an election to elect a police magistrate, on the ground that said office had been vacated.

In the case of *People ex rel. Miller* v. *Hotz,* 327 Ill. 433, it was pointed out that a petition for *mandamus* to compel the county clerk to call an election to fill an alleged vacancy in the office of State's Attorney was not an attack on the title of the holder of the office, but was only a proceeding to compel the respondent to discharge the duty imposed on him by law. In *Wells* v. *Robertson,* 277 Ill. 534, it was pointed out that the decision in a *mandamus case* to compel the canvassing board to issue to the petitioner a certificate of election was not determinative of the title to the office. The same rule was announced in *People ex rel. Ettelson* v. *Faherty,* 306 Ill. 119. In the *Cromer case,* the issue involved was the duty of the city officials to call an election. It was there pointed out that *quo warranto* was the proper proceeding to question the right of one to hold an office. The title to the office was not an issue involved in that case. Anything said in the opinion in that case in seeming conflict with the rules announced in *People ex rel. Jonas* v. *Schlaeger,* 381 Ill. 146, was not so intended, and is not in harmony with a long line of decisions of this court, and is not followed. *People ex rel. Iddings* v. *Dreher,* 302 Ill. 50; *Wells* v. *Robertson,* 277 Ill. 534; *People ex rel. Seegers* v. *Dunlap,* 248 Ill. 154; *People ex rel. Cummings* v. *Head,* 25 Ill. 287; *People ex rel. Akin* v. *Matteson,* 17 Ill. 167; *People ex rel. Ewing* v. *Forquer,* Breese 104.

In view of the rule announced in the above cases, the question whether the relator had vacated the office was an issue which could not be tried in this *mandamus* suit against the county clerk to compel the payment of relator's salary. This conclusion makes it unnecessary to give consideration to the constitutional questions raised. The court will not pass upon a constitutional question if the case may be disposed of on other grounds. (*People* v. *Chiafreddo*, 381 Ill. 214.) Those questions relate to. an issue which cannot be litigated in this character of proceeding.

The judgment of the circuit court of Montgomery county, awarding the writ, is affirmed.

*Judgment affirmed.*