(No. 43584.–

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. PAUL VANDIVER, Appellant.

*Opinion filed December 17, 1971.*

WARD, SCHAEFER, and KLUCZYNSKI, JJ., dissenting.

SMITH & SMITH, of Loves Park (WILLIAM L. BALSLEY, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and PHILIP G. REINHARD, State's Attorney, of Rockford (THOMAS J. IMMEL and FRED G. LEACH, Assistant Attorneys General, and RONALD T. WADE, Assistant State's Attorney, of counsel), for the People.

Mr. Justice Ryan delivered the opinion of the court:

A jury in the circuit court of Winnebago County found the defendant, Paul Vandiver, guilty of endangering the life or health of a child. (Ill. Rev. Stat. 1969, ch. 23, par. 2354.) He was sentenced to a term of six months at the Illinois State Farm at Vandalia. On this appeal the defendant raises several claims, one of which is that the language of the statute under which he was convicted is so vague and uncertain that his prosecution and conviction under it deprived him of due process in violation of section 2 of article II of the constitution of Illinois of 1870 and of the fourteenth amendment of the constitution of the United States.

The challenged statute provides: "It shall be unlawful for any person having the care or custody of any child, wilfully to cause or permit the life of such child to be endangered, or the health of such child to be injured, or wilfully cause or permit such child to be placed in such a situation that its life or health may be endangered." (Ill. Rev. Stat. 1969, ch. 23, par. 2354.) The contention is that the statutory language is vague and indefinite on its face and thus fails to give constitutionally adequate notice of the conduct it would proscribe.

Although the disposition of this case in this court rests on other grounds we shall first consider the constitutional issue involved. This court has many times held that it will

not consider constitutional questions if the case may be disposed of on other grounds. (*People* v. *Chiafreddo,* 381 Ill. 214; *People* v. *Butler,* 393 Ill. 395; *Winston* v. *Zoning Board of Appeals,* 407 Ill. 588; *Osborn* v. *Village of River Forest,* 21 Ill.2d 246; *Howard* v. *Lawton,* 22 Ill.2d 331.) In the present case however, we find it necessary to reverse and remand for a new trial. It is therefore necessary to the ultimate disposition of this case that the constitutional question be resolved.

It is first contended that the statute does not specify who is a child. Although section 4 of "An Act to prevent and punish wrongs to children," approved May 17, 1877 (Ill. Rev. Stat. 1969, ch. 23, pars. 2351 through 2355), does not specify the age of those encompassed by this term, the three preceding sections of the statute (pars. 2351, 2352 and 2353) refer to children under 14 years of age. The Act being for the purpose of preventing and punishing wrongs to children we must conclude that the legislature when it used the word "child" in section 4 of the Act intended it to have the same meaning that it gave to that word in other sections of the Act in the absence of anything in section 4 that would indicate that the legislature intended the word to have a different meaning. (*People* v. *Talbot,* 322 Ill. 416, 422.) This section of the Act clearly refers to children under 14 years of age.

Before considering the question of vagueness as to the conduct proscribed by the statute, the nature of the injuries inflicted and the facts of the case must be considered. The defendant lived with his wife, his 3-year-old stepdaughter and his daughter by his present marriage who was only a few months old. The children were left with a babysitter on Thursday, Friday, and Saturday morning and again on Monday morning, while the defendant and his wife worked. According to the babysitter the 3-year-old stepdaughter, Lisa, had a few small bruises on her body on Friday and no further bruises were present on Saturday. However, on

Monday when Lisa was brought to the home of the baby-sitter she had extensive bruises over the buttocks and abdomen and a discoloration on the side of the face and ear and a swollen lip. The defendant admitted that on Sunday night he had spanked Lisa.

Defendant contends that the Act does not indicate whether the word "health" as used therein refers to freedom from physical injury or freedom from disease. In the context of the Act it is clear that the word "health" includes freedom from physical injury. The Act makes it unlawful for a person having the care or custody of any child "wilfully to cause or permit * * * the health of such child to be injured." Webster's Third International Dictionary (unabridged 1970 edition) defines "health" as the state of being sound in body or mind and "injure" as implying an inflicting upon someone of anything detrimental to looks, health, *etc.* The use of both words in the same phrase clearly proscribes the inflicting of personal injury upon a child.

To support his contention that the statute is vague the defendant poses several questions such as: "Would a parent be violating the statute if he permitted his child to play in a busy street or to take part in sports such as boxing or mountain climbing *etc.*? We need not be concerned with the hypothetical situations posed by the defendant or the many other situations which may present questions as to the applicabilty of the statute. These borderline facts are not involved in this case. This court will consider the validity of a statutory provision only at the instance of one who is directly involved thereby unless the unconstitutional feature is so pervasive as to render the entire act invalid. (*People v. Reiner,* 6 Ill.2d 337, 341; *Huckaba v. Cox,* 14 Ill.2d 126; *Edelen v. Hogsett,* 44 Ill.2d 215.) The hypothetical situations do not involve this defendant nor this case and the validity of the statute in light of the same will therefore not be considered.

A criminal statute which fails to give adequate notice as to what action or conduct will subject one to criminal penalties is an unconstitutional deprivation of due process of law. (*Jordan* v. *De George,* 341 U.S. 223, 95 L. Ed. 886, 71 S. Ct. 703.) However the fact that there may be borderline cases wherein a degree of uncertainty exists as to the applicability of a statute does not render the statute unconstitutional as to conduct about which no uncertainty exists. (*United States* v. *Wurzbach,* 280 U.S. 396, 74 L. Ed. 508, 50 S. Ct. 167; *Dennis* v. *United States,* 341 U.S. 494, 95 L. Ed. 1137, 71 S. Ct. 857.) This case involves the inflicting of physical injury upon a 3-year-old child, conduct clearly within the proscription of the statute. We will not therefore conjecture as to the statute's application to situations less clear.

Furthermore, the statute provides that the conduct specified therein be performed "wilfully." Thus, the statute requires more than a mere voluntary doing of an act from which injury to health may result. This additional requirement of wilfullness has been held to avoid uncertainty which may otherwise render a vague and indefinite statute invalid. See *Screws* v. *United States,* 325 U.S. 91, 89 L. Ed. 1495, 65 S. Ct. 1031, and cases cited therein.

We also note that this provision of the statute has been part of the law in this State since 1877. During this time no case has held that the statute is vague or uncertain. We believe that this test of time, though not conclusive, diminishes the force of the contention that the statute is unconstitutionally vague. (See *Jordan v. De George,* 341 U.S. 223, at 229-230, 95 L. Ed. 886, at 891, 71 S. Ct. 703.) We therefore hold that the statute in question is not so vague as to constitute an unconstitutional deprivation of due process of law as to this defendant.

At the trial the defendant's wife, Theresa, testified for the defense. She was cross-examined without objection about certain acts of physical cruelty which the defendant

had committed against her. She denied that he had beaten her, that she had left him or that she was afraid of him. To rebut this denial the People called Theresa's sister who testified without objection that she and her husband picked Theresa up at her home on one occasion and had taken her to live with her mother. At that time Theresa's face was bruised and swollen. She stated that the defendant had beaten her and that she was going to divorce him. Since the proper foundation had been laid on cross-examination for these questions which were not objected to we find no error therein.

However, this witness was further questioned concerning a phone conversation she had had with Theresa after the child Lisa had received her bruises and injuries. Over the objection of the defendant this witness was permited to testify as follows: "And I asked her if she had Lisa and if she was going to let Paul (defendant) hit her around again and I said, 'Did Paul do that?' And she said Paul put some bruises on there, but not all of them * * * the ones on her face he did not put there."

Defendant's wife, Theresa, had been asked no questions concerning this conversation during cross-examination, therefore this testimony was not proper by way of impeachment. It was purely a hearsay statement tending to prove the defendant's guilt of the crime charged. It was not proper testimony from this witness who was then testifying in rebuttal. Its admission constituted reversible error.

A further question was raised on appeal as to the admissibility of certain colored snapshots of the child showing the marks and bruises. As a guide to the trial court on retrial we hold that they were properly admitted into evidence and were not prejudicial to the defendant. The judgment will be reversed and the cause remanded to the circuit court of Winnebago County for a new trial.

*Reversed and remanded.*

Mr. JUSTICE WARD, dissenting:

I must disagree with the majority's holding that the statute is not unconstitutionally vague and indefinite. To me the statute plainly fails to give constitutionally adequate notice of the conduct it would proscribe. It could serve as a classroom model to illustrate an insufficiently specific penal statute.

The standard of constitutional specificity required for a penal statute was described in *Lanzetta* v. *New Jersey,* 306 U.S. 451, 453, 83 L. Ed. 888, 890, 59 S. Ct. 618. The Supreme Court said: "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids. * * * 'That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement * * *. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.' "

One reading the language "permit the life of such child to be endangered, or the health of such child to be injured, or wilfully cause or permit such child to be placed in such a situation that its life or health may be endangered," can only conclude that against this standard it is fatally imprecise as to the conduct proscribed.

The majority is impressed by the fact that the statute has endured since 1877 and that no case has held it vague or uncertain. I am impressed by the fact that there is no record of an appeal from a conviction under the statute. I consider that this signifies that State's Attorneys have prudently avoided the prosecutive use of this legally suspect statute for almost a century.

Too, the majority rejects annoying hypothetical situa-

tions posed by the defendant by recourse to holdings that the validity of a statutory provision will be considered only upon the complaint of one who is directly affected "unless the unconstitutional feature is so pervasive as to render the entire Act invalid." I do not consider that those holdings are germane. There is no question here of an unconstitutional feature; the entire statute is void.

The majority also looks at the evidence presented and then observes that this case "involves the inflicting of physical injury upon a three-year-old child, conduct clearly within the proscription of the statute." This is to me expedient reasoning and if acceptable here, I suppose could be utilized in almost every case where the constitutional definiteness of a statute might be considered after conviction. The protections described in *Lanzetta* would become illusory. The question before us is whether the statute which the defendant was charged with violating was illegally vague and uncertain.

I would hold that the vagueness and uncertainty of the statute offend the due-process clause and that the statute is is unconstitutional. *Lanzetta v. New Jersey,* 306 U.S. 451, 83 L. Ed. 888, 59 S. Ct. 618.

SCHAEFER and KLUCZYNSKI, JJ., join in this dissent.