THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* LIONEL I. BRAZEN, Plaintiff-Appellant, v. MORGAN M. FINLEY, Circuit Clerk, *et al.*, Defendants-Appellees.

First District (5th Division)    No. 84—2926

Opinion filed August 15, 1986.

PINCHAM, J., specially concurring.

Lionel I. Brazen, *pro se*, and Manuel Rosenstein, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Henry A. Hauser, Susan Condon, and David S. Allen, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County denying plaintiff's petition for the issuance of a writ of *mandamus* requiring the clerk to accept the filing of a complaint for process without the requisite affidavit of compliance mandated by circuit court Rule 0.7. By this appeal plaintiff challenges the validity of Rule 0.7 on the basis that the court was without the statutory or constitutional authority to promulgate such rule.

For the reasons stated herein, the judgment of the circuit court is reversed and the cause is remanded with directions.

Plaintiff, a licensed attorney in the State of Illinois, sought to file a petition for dissolution of marriage on behalf of a client with the clerk of the circuit court of Cook County. The clerk refused to accept the filing because plaintiff had failed to comply with Rule 0.7 of the circuit court requiring attorneys representing clients in personal injury and domestic relations cases to submit an affidavit of compliance indicating the factual circumstances under which they obtained their employment.

Rule 0.7 states:

"(a) The unethical solicitation of employment by or on behalf of any attorney and the payment of commissions, living expenses or other gratuities in connection with such employment, is prohibited.

(b) The Affidavit of Compliance with this rule is required in personal injury and domestic relations actions shall be in the form furnished by the Clerk of the Circuit Court of Cook County. Attorneys representing governmental bodies shall not be required to file the affidavit.

(c) The affidavit shall be filed by counsel when commencing personal injury and domestic relations actions and by other counsel when an appearance or initial pleading is filed in those actions.

(d) Pleadings unaccompanied by such an affidavit shall not be accepted by the Clerk."

The affidavit of compliance at issue provides:

"AFFIDAVIT OF COMPLIANCE WITH RULE 0.7

_____ on oath states:
        [Affiant]

(1) He is (a member of the law firm which is) the attorney of record for _____ and
(here insert all parties represented by affiant)
has knowledge of the matters covered by this affidavit and has read Rule 0.7 of the Rules of the Circuit Court of Cook County.

(2) He has not directly or indirectly solicited employment by the above-named party or parties, and knows of no solicitation of said party or parties by any person that has resulted in the employment of the affiant, (or his firm), except (here state all exceptions, OR IF NONE, STATE 'NO EXCEPTIONS'): _____.

(3) He has not paid, nor promised to pay, the medical, living or other expenses of any party, and knows of no payment or promise of payment on his behalf or on behalf of his firm to the above-named party or parties, except, (here state all exceptions, OR IF NONE, STATE 'NO EXCEPTIONS'): _____.

(4) No part of any attorney's fee or any portion of recovery by suit or settlement here has been paid or promised to be paid to any person whatever, other than the above-named party or parties and the attorneys of record herein, except, (here state all exceptions, OR IF NONE STATE 'NO EXCEPTIONS') _____.

AFFIANT
[Notary]."

On August 10, 1984, plaintiff filed his complaint against Morgan Finley, clerk of the circuit court and Douglas Curtis, one of Finley's employees, challenging the validity of Rule 0.7. Plaintiff's complaint prayed for the issuance of a writ of *mandamus* ordering the clerk of the circuit court to accept the divorce suit for process without the mandatory affidavit of compliance.

Defendants moved to dismiss the complaint on the basis that Rule 0.7 was a valid exercise of the State's police power to shield the public from unethical solicitation by overreaching attorneys. Plaintiff responded to defendants' motion by arguing that the subject rule violated the first amendment by infringing upon the right of an attorney to advertise. In answer to plaintiff's contention, defendants argued that Rule 0.7 did not address attorney advertising, but rather that the rule is directed to eliminating the unethical solicitation of business.

Following a hearing on the matter, the trial court concluded that Rule 0.7 related to the business of the court and the unethical solicitation of clients by attorneys and that it was reasonable and not illegal or unconstitutional. Thereafter, the court sustained defendants' motion and dismissed plaintiff's *mandamus* action. On appeal, plaintiff

contends that the rule is invalid because it is (1) contrary to the limitations imposed by constitutional and statutory law; and (2) inconsistent with case law.

OPINION

■ We agree with plaintiff's contention that article VI, section 7(c), of the Illinois Constitution (Ill. Const. 1970, art. VI, sec. 7(c)) cannot form the basis of the circuit court's power to enact the rule at issue. That article confers on the chief judge of the circuit court general administrative powers including the authority to provide for court divisions and to designate times and places for holding court. The rule at issue here, which concerns enforcement of ethical behavior by attorneys, cannot be said to be derived from this constitutional grant of limited administrative authority over the workings of the circuit court.

In addition plaintiff contends that Rule 0.7 is in direct conflict with the provisions of section 1—104(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1—104(a)) and Supreme Court Rule 21(a) (87 Ill. 2d R. 21(a)). Section 1—104(a), *inter alia,* grants our supreme court the power to "make rules of pleading, practice and procedure for the circuit [court] *** for the purpose of making [the Code of Civil Procedure] effective for the convenient administration of justice, and otherwise simplifying judicial procedure." Supreme Court Rule 21(a) (87 Ill. 2d R. 21(a)), adopted pursuant to this authority, empowers a majority of circuit court judges in each circuit to adopt rules governing civil and criminal cases consistent with supreme court rules and Illinois statutes.

Plaintiff argues that that Rule 0.7 does not relate to procedural matters involving the business of the court, as contemplated by the legislature in enacting section 1—104(a). Rather, he contends the rule impermissibly regulates matters of substance, effectively barring practicing attorneys from appearing in personal injury and domestic relations cases in circuit court unless they file the prescribed affidavit of ethical conduct.

Defendants not only contend that Rule 21(a) confers authority on the circuit court to adopt Rule 0.7, but also argue that such regulation relates to the business of the court since it seeks to improve the administration of justice by monitoring the unethical conduct of those who, by virtue of their trusted position, stand to inflict great harm on litigants. We disagree with their contentions. Supreme Court Rule 21(a) authorizes the circuit court to adopt rules governing matters of pleading, practice and procedure. But Rule 0.7 ranges far beyond this

authority by purporting to monitor attorney-client employment arrangements and by requiring disclosure of an attorney's compliance with ethical obligations as a condition of access to the courts.

■ Manifestly, Rule 0.7 and the affidavit of compliance constitute an attempt to enforce compliance with Rules 2—103 and 5—103 of the Code of Professional Responsibility (87 Ill. 2d Rules 2—103, 5—103) which bar attorneys from private communications soliciting employment and from providing financial assistance to clients, with certain limited exceptions. But our supreme court in its rules has already established a comprehensive scheme for investigating and disciplining attorneys who may have violated the Code of Professional Responsibility. Those tasks are under the administrative supervision of the Attorney Registration and Disciplinary Commission. (87 Ill. 2d R. 751.) Accordingly, this area has been preempted by the Illinois Supreme Court's regulatory scheme. Rule 0.7, by introducing the circuit court into that scheme, violates the requirement of Supreme Court Rule 21(a) that the circuit court rules it authorizes be consistent with supreme court rules and Illinois statutes. Plaintiff aptly cites the holding of *Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 1007, 431 N.E.2d 1364, 1369:

> "Disciplinary proceedings and sanctions are strictly within the province of the supreme court which has stated that the disciplining of attorneys is in the nature of an original proceeding in which the Attorney Registration and Disciplinary Commission and its various officers, as well as the inquiry board, the hearing panel, and the review board, serve as agents of the supreme court in administering the disciplinary functions that have been delegated to them. [Citation.] Any sanctions based on alleged professional misconduct must be addressed to the Disciplinary Commission which is vested with the authority to consider such matters and which is the proper forum for such actions rather than this court."

The rule at issue here also represents an attempt to improperly intrude on the forum created by our supreme court. This conclusion is bolstered by the holding of *Wayland v. City of Chicago* (1938), 369 Ill. 43, also cited by plaintiff. There the court struck down a circuit court rule purporting to empower judges, with the approval of a court executive committee, to suspend lawyers. The Illinois Supreme Court concluded that the circuit court's statutory authority to make rules concerning dockets, calendars, and the business of the court did not include making rules concerning attorney disciplinary proceedings, nor did the circuit court possess any inherent power to create such

rules.

■ Plaintiff also correctly notes that *Kinsley v. Kinsley* (1944), 388 Ill. 194, 57 N.E.2d 449, supports a finding of the invalidity of this rule. There the court voided a court rule requiring a plaintiff's appearance in open court prior to granting a divorce decree. The court held that because there was no statutory basis for this additional requirement, the rule was invalid as limiting the power of the divorce court to enter a decree. Similarly, Rule 0.7 provides an improper additional nonstatutory requirement for those seeking to file personal injury and domestic relations actions.

Defendants' citation of *People v. Adams* (1983), 116 Ill. App. 3d 315, 451 N.E.2d 1351, in support of Rule 0.7 is unavailing. In *Adams* a criminal defendant attacked the validity of a circuit court rule requiring that motions founded upon facts not appearing of record be supported by an affidavit reciting those facts. Defendant was barred from presenting a motion to suppress identification testimony because the motion was unsupported by such an affidavit. In addressing and rejecting defendants' substantive claims concerning the constitutional invalidity of the rule, this court found, *inter alia,* that the rule constituted a valid exercise of the State's police power, enacted pursuant to the legislative authority of section 1—104(a) of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 1—104(a).) However, in this cause we do not reach the issue of whether Rule 0.7 could ever be justified as a valid exercise of police power for we have already found that the rule improperly encroaches on a comprehensive regulatory scheme enacted by the Illinois Supreme Court.

For the reasons set forth in this opinion, the judgment of the circuit court of Cook County is reversed and the cause remanded with directions to issue the writ of *mandamus* and for any other relief to which plaintiff may be entitled.

Reversed and remanded with directions.

SULLIVAN, P.J., concurs.

JUSTICE PINCHAM, specially concurring:
However desirable it is to prohibit unethical solicitation and similar misconduct by unscrupulous attorneys, I, nevertheless, am constrained to agree with the invalidation of Rule 0.7 of the circuit court of Cook County. Plaintiff, Lionel I. Brazen, an attorney for Carole Smith, challenges the validity of this rule and the court's authority to

adopt it. There is no suggestion that plaintiff has in any way engaged in any professional improprieties. Because of the noble purpose of the rule, it is with regret that I agree with plaintiff that the rule is invalid, but, in my opinion, plaintiff's objections to the rule are meritorious and well-founded.

It is clear that Rule 0.7 and the affidavit of compliance pursuant thereto tacitly and indirectly enforce, have for their purpose, and are designed to compel compliance with Rules 2—103 and 5—103 of the Code of Professional Responsibility.

Solicitation by an attorney is prohibited by Rule 2—103(a) of the Code of Professional Responsibility (87 Ill. 2d R. 2—103(a)), which provides, in pertinent part:

> "PRIVATE COMMUNICATIONS, RECOMMENDING OR SOLICITING PROFESSIONAL EMPLOYMENT
>
> (a) A lawyer shall not by private communication *** directly or through a representative, recommend or solicit employment of himself, his partner or his associate for pecuniary gain or other benefit and shall not for that purpose initiate contact with a prospective client."

Section (d) of the aforesaid rule prohibits a lawyer from promising or giving another person anything of value to initiate contact with a prospective client on behalf of the lawyer. Also, it is provided in Rule 5—103(b) of the Code of Professional Responsibility (87 Ill. 2d R. 5—103(b)), that a lawyer shall not advance or guarantee financial assistance to his client while representing the client in connection with contemplated or pending litigation.

Plaintiff persuasively argues that article VI, section 7(c), of the Illinois Constitution (Ill. Const. 1970, art. VI, sec. 7(c)) does not confer authority on the circuit court to adopt Rule 0.7. This constitutional provision provides that the circuit judges shall by secret ballot select a chief judge from their number to serve at their pleasure. Section 7(c) further provides that the chief judge, subject to the authority of the supreme court, "shall have general administrative authority over his court, including authority to provide for divisions, general or specialized, and for appropriate times and places of holding court." There is nothing within the parameter of this constitutional provision which authorizes the circuit court to promulgate Rule 0.7.

An analysis of the hierarchy of circuit court Rule 0.7 leads to the conclusion that the circuit court judges were not empowered to enact the rule and, further, that the rule is invalid. Rule-making power is conferred on the supreme court by section 1—104(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 1—104(a)). This

statute provides, in pertinent part:

> "(a) The Supreme Court of this State has power to make *rules of pleading, practice and procedure* for the circuit, appellate and Supreme Courts \*\*\* *for the convenient administration of justice, and otherwise simplifying judicial procedure* \*\*\*." (Emphasis added.)

This statute confers power on the supreme court to make rules of pleading, practice and procedure for the convenient administration of justice and simplifying judicial procedure.

Pursuant to the supreme court's authority to promulgate rules, conferred by section 1—104(a) of the Code of Civil Procedure, the supreme court adopted Supreme Court Rule 21(a) (87 Ill. 2d R. 21(a)). Supreme Court Rule 21(a) confers on circuit court judges the authority to enact rules to govern practice, procedure and proceedings in the circuit court. Rule 21(a) states, in pertinent part:

> "Appellate Court And Circuit Court Rules. A majority \*\*\* of the circuit judges in each circuit may adopt rules governing civil and criminal cases which are consistent with these rules and *the statutes of the State* \*\*\*." (Emphasis added.) (87 Ill. 2d R. 21(a).)

*The statutes of the State,* which includes, of course, section 1—104(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 1—104(a)), confers power on the supreme court "to make *rules of pleading, practice and procedure* for the convenient administration of justice" and for simplification of judicial procedure. (Emphasis added.)

Supreme Court Rule 1 (87 Ill. 2d R. 1) determines the applicability of Supreme Court Rule 21(a). Supreme Court Rule 2 (87 Ill. 2d R. 2) governs the construction of Supreme Court Rule 21(a). These rules govern pleadings, practice and procedure. These rules are not meant to enforce any canon of professional ethics, or regulate the attorney-client relationship, or govern the circumstances under which an attorney is hired by a client.

Supreme Court Rule 1 provides: "General rules apply to both civil and criminal proceedings. The rules on proceedings in the trial court, together with the Civil Practice Law and the Code of Criminal Procedure, shall govern all proceedings in the trial court \*\*\*." Supreme Court Rule 2 provides: "These rules are to be construed in accordance \*\*\* with the standards stated in section 1—106 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 1—106)." Section 1—106 states that the Code of Civil Procedure is to be liberally construed "to the end that controversies may be speedily and finally determined according to the substantive rights of the parties."

A review of Supreme Court Rules 1 through 21[1] substantiates plaintiff's contention that these rules govern pleadings, practice and procedure. Rule 10 provides for the size of papers to be filed in the courts of this State. Rule 11 provides the "manner of serving papers other than process and complaint on parties not in default in the trial and reviewing courts." (87 Ill. 2d R. 11.) Proof of service in the trial and reviewing courts and the effective date of service by mail are governed by Rule 12. The time within which a party is to appear and plead, and the appearance and withdrawal of an attorney are set forth in Rule 13. Rule 20 provides for the certification of questions of State law from certain Federal courts. Then follows Rule 21(a), which provides that a majority of circuit judges "may adopt rules governing civil and criminal cases which are consistent with these rules and the statutes of the State." 87 Ill. 2d R. 21(a).

Although Supreme Court Rule 21(a) confers great latitude on the circuit court in "governing its business," the business of the court which Rule 21(a) authorizes the court to govern is the business of the court's pleadings, practice and procedure, but not the hiring arrangement of an attorney and client, or the indirect or tacit enforcement of any canon of the Code of Professional Responsibility.

The defendant, Morgan M. Finley, clerk of the circuit court of Cook County, argues that Rule 0.7 was promulgated by the judges of the circuit court pursuant to Supreme Court Rule 21(a), and that the judges of the circuit court had the authority to enact Rule 0.7 requiring attorneys in personal injury and domestic relations cases to disclose the factual circumstances under which they were hired by their clients, as relating to the business of the court. But the circumstances surrounding an attorney's employment by his client, and the requirement that an attorney disclose whether his conduct is in consonance with his ethical obligations and the enforcement of the Code of Professional Responsibility, is not the business of the circuit court under Supreme Court Rule 21(a).

Supreme Court Rules 751 through 770 provide for the discipline of attorneys for their infractions of the Code of Professional Responsibility. Rule 751(a) provides that disciplinary proceedings affecting members of the Illinois bar shall be under the administrative supervision of the Attorney Registration and Disciplinary Commission. Rule 752 authorizes the supreme court to appoint an administrator whose duty, among others, is to investigate conduct of attorneys which tend to defeat the administration of justice or to bring the courts or the

---

[1]There are no Supreme Court Rules 3 through 9 or 14 through 20.

legal profession into disrepute. The administrator is authorized by Rule 752(b) to prosecute disciplinary cases before the hearing boards, the review board and the court. Supreme Court Rules 751 through 770 govern the procedure for disciplining attorneys. The supreme court has thereby preempted this subject. Therefore, the supreme court in Rule 21(a) did not confer additional power on a majority of circuit court judges to impose additional sanctions to enforce attorneys' compliance with the Code of Professional Responsibility by the adoption of circuit court rule 0.7. *Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 1007, 431 N.E.2d 364.

*Wayland v. City of Chicago* (1938), 369 Ill. 43, 15 N.E.2d 516, involved circuit court Rule 42, which conferred power on a judge to suspend a lawyer from practice after consulting with and obtaining the approval of the executive committee. The plaintiff attacked the jurisdiction of the executive committee of the circuit court of Cook County under Rule 42 to suspend him from the practice of law in that court. In holding that the rule was invalid, the court stated:

> "From whence then, does the authority to suspend appellant arise? This court held in *People v. Callopy,* 358 Ill. 11, and again in *People v. Cowdrey,* 360 id. 633,—and it is provided in section 2 of the Civil Practice Act,—that the rule-making power is vested in this court for circuit courts, subject to the power of circuit courts to make rules regulating dockets, calendars and the conduct of the business of the court. *It cannot be said that a proceeding to discipline an attorney at law comes within the realm of regulating dockets, calendars or the conduct of the business of that court.*
>
> The Attorney General argues that rule 42 of the rules of court of the circuit court of Cook county confers that power. \*\*\* It is equally clear that this provision of rule 42 relates to procedure. The power to make such rules \*\*\* does not rest in the circuit court. Thus it appears there is neither statutory authorization nor inherent power in the circuit court to support such a rule.
>
> Our conclusion is that Judge Fisher \*\*\* had no authority to suspend appellant from any court \*\*\* and that rule 42, in so far as it enlarges the provisions of the statute and rule of this court, is void." (Emphasis added.) *Wayland v. City of Chicago* (1938), 369 Ill. 43, 50-51, 15 N.E.2d 516.

The distinction that *Wayland* involved a rule which empowered a judge to suspend an attorney from the practice of law, whereas circuit court Rule 0.7 in the instant case merely requires the attorney to re-

veal whether he has engaged in unethical solicitation or attendant infractions, is a distinction in form only. Rule 0.7 comes within the realm of an attorney's compliance with the Code of Professional Responsibility. Rule 0.7 does not come within the realm of regulating dockets, calendars, or the conduct of the business of that court.

Moreover, Rule 0.7 inherently imposes an additional and unauthorized prerequisite on a litigant for filing a cause of action in personal injury or domestic relations. This the court is powerless to do. In *Kinsley v. Kinsley* (1944), 388 Ill. 194, 57 N.E.2d 449, a court rule provided that no divorce decree would be granted without the appearance of the plaintiff in open court. The Divorce Act, which set forth the conditions for granting a divorce decree, contained no such prerequisite. The supreme court struck down the court rule on the ground that it "limit[ed] the power of the court in the entry of the decree," and "[r]ules of court must not be contrary to the constitution and statutes of the state." (388 Ill. 194, 198, 57 N.E.2d 449.) Rule 0.7 in the case at bar, like the rule in *Kinsley,* imposes an invalid prerequisite to the laws governing personal injury and domestic relation actions, namely the filing of the attorney's affidavit of compliance with Rule 0.7.

The defendant's reliance on *People v. Adams* (1983), 116 Ill. App. 3d 315, 451 N.E.2d 1351 is ill founded. *Adams* is not authority for circuit court Rule 0.7. In *Adams,* the defendant was charged with the commission of a robbery. His attorney filed a pretrial motion to suppress identification testimony. The State moved to strike the motion because it was based on facts not appearing of record. Circuit court Rule 15.1(e) required that a motion founded upon facts not appearing of record in the case be supported by affidavit reciting the facts. The defendant asserted that application of the affidavit requirement of the rule to his motion to suppress identification testimony violated his constitutional rights to equal protection of the laws and freedom from self-incrimination, and also infringed upon the attorney-client privilege. The trial judge pointed out to the defendant's attorney that the defendant was not required by the rule to file the affidavit, " 'but somebody has to file it to substantiate these facts not of record' and to limit the issues." (116 Ill. App. 3d 315, 318, 451 N.E.2d 1351.) The defendant's attorney refused to file an amended motion or an affidavit. The trial judge struck the motion.

On review, the court held that section 1—104(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 1—104(a)) authorized the Illinois Supreme Court to promulgate rules of pleadings, practice and procedure for the circuit court and that pursuant

thereto, the Illinois Supreme Court promulgated Supreme Court Rule 21(a) which authorizes a majority of circuit court judges to adopt rules governing civil and criminal cases. Pursuant to this authority, the court pointed out in *Adams* that circuit court Rule 15.1(e) was adopted in order to effectuate the administration of justice and to simplify judicial procedure. The court held that "the affidavit requirement is a reasonable means by which to efficiently administer justice and simplify judicial procedure." *People v. Adams* (1983), 116 Ill. App. 3d 315, 320, 451 N.E.2d 1351.

In the case at bar, the affidavit required by Rule 0.7 that the attorney has not engaged in unethical conduct as a condition precedent to the clerk filing the pleadings of a personal injury or domestic relations prospective litigant, is not "a means by which to efficiently administer justice and simplify judicial procedure." Rule 0.7 has nothing to do with the efficient administration of justice or the simplification of judicial procedure. Rule 0.7 is designed to compel compliance with the Code of Professional Responsibility, which prohibits solicitation and similar transgressions by an attorney.

The defendant urges that Rule 0.7 is a valid exercise of the State's police powers to promote the public comfort, health, safety, morals and welfare, and that the prohibition against unethical solicitation embodied in Rule 0.7 is clearly within the State's police power. Again, the hierarchy of Rule 0.7 reveals that the rule was enacted pursuant to the supreme court's statutorily conferred authority to promulgate rules of practice, procedure and proceedings "to efficiently administer justice and simplify judicial procedure." (Ill. Rev. Stat. 1981, ch. 110, par. 1—104.) Rule 0.7 was not promulgated by the circuit court judges pursuant to a police power.

It is stated in *City of West Frankfort v. Fullop* (1955), 6 Ill. 2d 609, 613, 129 N.E.2d 682: "*The police power resides in the State, [and] is asserted by the legislature ***. It* may be delegated to cities." (Emphasis added.) In that case, the city of West Frankfort enacted an ordinance which declared an area around a lake, which supplied the city's water, a drainage area. The ordinance further prohibited oil and gas drilling in the area. The question presented on appeal was whether the ordinance was a reasonable exercise of the State's police power. The supreme court held that it was competent for the legislature to confer such power on the city of West Frankfort and that "It is evident from the wording of the ordinance that it was meant to be enacted pursuant to such express statutory grants of power." 6 Ill. 2d 609, 612-13, 129 N.E.2d 682.

In the instant case, the legislature did not delegate its police

power to the judiciary when it enacted section 1—104 of the Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 1—104.) The legislature authorized the supreme court to promulgate rules of pleadings, practice and procedure for the circuit courts. It is by the legislatively conferred authority of this statute that the supreme court enacted Rule 21(a), which empowers a majority of circuit judges to adopt rules. It is pursuant to the authority of Supreme Court Rule 21(a) that the circuit judges enacted Rule 0.7.

In *People v. Warren* (1957), 11 Ill. 2d 420, 424-25, 143 N.E.2d 28, the supreme court stated: "The General Assembly has a wide discretion in the enactment of laws for the protection of the public health, safety and morals or the promotion of the general welfare \* \* \*. *In the exercise of its inherent police power the legislature may enact laws* regulating, restraining or prohibiting anything harmful to the welfare of the people \* \* \*." (Emphasis added.)

In *Memorial Gardens Association, Inc. v. Smith* (1959), 16 Ill. 2d 116, 123, 156 N.E.2d 587, the court stated: "The police power is an attribute of sovereignty inherent in every government. It has been reserved to all the States by the constitution of the United States. \* \* \* *[T]he legislatures of the States have broad discretion in the passage of statutes in its exercise.*" (Emphasis added.)

The court in *People v. Adams* (1983), 116 Ill. App. 3d 315, 321, 451 N.E.2d 1351, stated that Rule 15.1(e) of the circuit court of Cook County was "a valid exercise of the State's police power to promulgate bodies of statutory law establishing and regulating its criminal justice system" and that "the Rule was enacted pursuant to a valid exercise of the State's police power." Rule 15.1(e), however, required a motion founded on facts not appearing of record to be supported by an affidavit. In *Adams* the court is silent on the source from which the judiciary acquired this police power. As stated in *City of West Frankfort v. Fullop* (1955), 6 Ill. 2d 609, 613, 129 N.E.2d 682, "The police power resides in the State [and] is asserted by the legislature." In *Adams,* the court did not contend that the delegation of legislative police power to the court was the court's authority for enactment of Rule 15.1(e).

Finally, Rule 0.7 requires an attorney to file an affidavit which states that he has not engaged in "[t]he unethical solicitation of employment by or on behalf of any attorney [or] the payment of commissions, living expenses or other gratuities in connection with such employment," but only in personal injury and domestic relations actions. Because I am of the opinion that the rule is invalid for the reasons that I have stated, I do not discuss the discriminatory aspect of the

rule occasioned by its applicability to only these two causes of action and no other causes of action.

For the foregoing reasons, I concur in the reversal of the order of the trial court which dismissed the attorney's complaint for *mandamus* and in the remandment with directions that the writ of *mandamus* issue directing the clerk to accept the divorce pleadings for filing without the affidavit of compliance with Rule 0.7.